264 So.2d 449 (1972)
Walter E. ROBERTS, Jr., Appellant,
v.
Frederick Thomas LENFESTEY, Appellee.
No. 71-655.
District Court of Appeal of Florida, Second District.
June 16, 1972.
Rehearing Denied August 2, 1972.
Ramseur, Bradham, Lyle, Skipper & Cramer, St. Petersburg, and Richard C. Langford, Bartow, for appellant.
C.A. Boswell, of Boswell & Boswell, Bartow, for appellee.
BEASLEY, THOMAS D., Associate Judge.
This case is before the court for review on an appeal from the Circuit Court of Polk County after a long period of time beginning on February 20, 1967, with the filing of the complaint and other pleadings and depositions, including defendant's motion for summary judgment. Hereafter the defendant will be referred to as appellee and the plaintiff will be referred to as appellant.
Walter E. Roberts, Jr., brought action against Frederick Thomas Lenfestey for slanderous statements made about and concerning appellant. The Circuit Court of *450 Polk County, J.H. Willson, Judge, entered a summary final judgment against appellant, and he appealed.
The appellant, Walter E. Roberts, Jr., was the applicant for a teaching position at Polk Junior College at the time of its organization in 1964. He had impressive educational credentials but very little teaching experience at the time of his application for the job. According to the record in the case, there were several meetings between the appellant and the appellee concerning his application for the teaching position. Apparently a letter campaign between the two, initiated by appellant, ensued. The letters were published in THE LAKELAND LEDGER and were apparently designed to pressure appellee, who was President of Polk Junior College, to hire appellant for the teaching position.
According to the record on appeal, in March or April of 1966, at a faculty meeting of Polk Junior College and in response to a question that was asked appellee about the articles appearing in THE LAKELAND LEDGER, the appellee attributed those articles to the appellant herein and within that time made the statements that appellant considers libelous and for which he seeks damages against the appellee.
It is a well-settled principle of law that summary judgments should not be entered against any party where there is any factual issue upon which the controversy could be tried. It is also clear that there is a conflict between the testimony of the appellant and his witnesses and that of the appellee in his deposition. Such a factual conflict would be sufficient to create the necessary factual issue to entitle appellant to a trial of the issues by a jury if that were the only consideration in the case.
However, we cannot ignore the argument of appellee's counsel with regard to the absolute privilege claimed by appellee in this case. In the case of McNayr v. Kelly, 184 So.2d 428, the Supreme Court of this state extended the absolute privilege doctrine for libelous statements to the executive branch of the government and did not restrict that absolute privilege to those in high executive positions with the state or local government.
The defendant in this cause was the chief executive officer of the Polk County Junior College, being hired by the School Board of Polk County upon the recommendation of the Junior College Advisory Committee. In his position as executive officer or President of Polk County Junior College he was cast in the comparable position as the County Manager of Dade County, who was the defendant in the case of McNayr v. Kelly, supra. The facts of the two cases are similar except for the difference that the plaintiff, Walter E. Roberts, Jr., was never hired by the Polk County School Board as an employee, whereas the plaintiff in the McNayr case was hired as Sheriff of Dade County and had been suspended or fired from his duties prior to the libelous statements. All of the depositions and pleadings before the Court were to the effect that the only statements made by the case sub judice were made on the one occasion and that this occasion was in a faculty meeting of the Polk County Junior College and was in response to a question asked as to why the plaintiff was not hired as a teacher at the Junior College.
The appellee cites a number of cases where public officers have been accorded executive privilege to statements made by them in connection with hiring and firing, among them being the case of Hauser v. Urchisin, 231 So.2d 6 (Fla. 1970), which was an action brought by the city prosecutor against the City Commissioner. In this case the Supreme Court of Florida adopted the legal proposition written by Judge McCain in a dissenting opinion from the District Court of Appeal, Fourth District, in which Judge McCain stated:
"The decisive question is whether the statement by the appellee was made in connection with the performance of his *451 duty and responsibility as a city commissioner. I conclude that it was. Statements by both appellant and appellee were contained in the one newspaper article attached to and incorporated into the complaint. Appellant publicly charged the commission's action in eliminating his office to have been motivated by a vendetta on the part of the appellee, both while appellee served as city judge and later as commissioner. This clarion call to a politically inspired injustice was answered by the one singled out as perpetrator. Could this be construed as anything short of defending both his and the commission's official action, the conduct of which the general public has a right to expect to be above reproach and gilded with utmost honesty and integrity?"
The Court further stated:
"The public interest requires that statements made by officials of all branches of government in connection with their official duties be absolutely privileged. Under our democratic system the stewardship of public officials is daily observed by the public. It is necessary that free and open explanations of their actions be made."
Based on the decisions of McNayr v. Kelly, supra, in which the Court quoted from the case of Barr v. Mateo, 360 U.S. 564 at 579 through 581, 79 S.Ct. 1335, at 1343 through 1344, 3 L.Ed.2d 1434, a well-written opinion by Justice John Marshall Harlan and Hauser v. Urchisin, supra, it is the opinion of this court that the absolute privilege afforded legislative and judicial branches of government has been extended to the executive branch and is applicable in the case sub judice.
For the reasons stated herein, the judgment of the Circuit Court of Polk County is affirmed.
PIERCE, C.J., and McNULTY, J., concur.