387 So.2d 967 (1980)
Floyd DANFORD, Appellant/Cross-Appellee,
v.
CITY OF ROCKLEDGE et al., Appellees/Cross-Appellants.
No. 78-1350/T4-140.
District Court of Appeal of Florida, Fifth District.
February 27, 1980.
Eugene Collier, Cocoa, for appellant/cross-appellee.
Norman F. Burke of Van Den Berg, Gay & Burke, P.A., Orlando, for appellees/cross-appellants.
COBB, Judge.
Danford was employed as a police officer by the City of Rockledge. Danford filed a complaint against the City of Rockledge, Hipp (city manager), Rainwater and Chastain (city councilmen), Kallis (chief of police), and Ellis, Hurst, Pennington, Williams, Robinson and Massey (police officers). The complaint sought damages for wrongful discharge, defamation, tortious interference with a contract of employment, and conspiracy to defame.
All defendants moved to dismiss the complaint for failure to state a cause of action and all defendants also moved for summary judgment. The trial court granted the motion to dismiss with regard to the city manager and the two city councilmen, without leave to amend. The trial court granted the motion for summary judgment with regard to the City of Rockledge and the chief of police, and denied the motion for summary judgment with regard to the six police officers. No final summary judgment was entered. Danford appealed those portions of the order granting the motion to dismiss and granting summary judgment. The city manager and the two city councilmen cross-appealed the denial of the motion for summary judgment with regard to themselves.
The six police officers subsequently filed a second motion for summary judgment. *968 The trial court granted that motion. No final summary judgment was entered. Danford then appealed that order, in addition.
First, we shall dispose of those portions of the appeals dealing with the two orders granting summary judgments. A review of both of the orders shows that neither of the orders contains either the traditional words of finality nor other words of similar import. Without such language, the orders are not final judgments subject to appellate review. Guth v. Howard, 362 So.2d 725 (Fla. 2d DCA 1978); Armstrong Contracting and Supply Corp. v. Aerospace Industries, Inc., 254 So.2d 242 (Fla. 4th DCA 1971); Catchings v. Florida-McCracken Concrete Pipe Co., 101 Fla. 792, 135 So. 561 (1931).
Second, we shall dispose of the cross-appeal. The cross-appeal seeks review of the denial of a motion for summary judgment. Such an order is not appealable. Mooney v. Integon Life Ins. Co., 368 So.2d 957 (Fla. 3d DCA 1979).
Third, we shall consider the merits of the order dismissing the case without leave to amend with regard to the city manager and the two city councilmen. In his complaint, Danford basically alleged that these three city officials made certain unfavorable statements to the news media about him. In Florida, executive officials have an absolute privilege for actions taken within the scope of their offices. Our Florida Supreme Court had adopted a broad definition of the phrase "scope of office." McNayr v. Kelly, 184 So.2d 428 (Fla. 1966); Hauser v. Urchisin, 231 So.2d 6 (Fla. 1970).[1] We think that the statements of these city officials made under circumstances alleged in the complaint were made by these individuals acting within the scope of their offices. Therefore, they were absolutely privileged and the complaint was properly dismissed for failure to state a cause of action with regard to these city officials.
Accordingly, we affirm the order dismissing the complaint with regard to Hipp, Chastain, and Rainwater; we sua sponte dismiss the cross-appeal; and we remand this case to the trial court for thirty days so that proper appealable final summary judgments may be rendered and supplemented into the record on appeal. If such action is not taken within that time, then the appeal of the orders granting the motions for summary judgment will be dismissed.
DAUKSCH, C.J., and UPCHURCH, J., concur.
NOTES
[1] McNayr has been followed in Roberts v. Lenfestey, 264 So.2d 449 (Fla. 2d DCA 1972); Johnson v. Carhart, 353 So.2d 874 (Fla. 3d DCA 1977); Densmore v. City of Boca Raton, 368 So.2d 945 (Fla. 4th DCA 1979).