COWART, Judge.
Appellee/plaintiff filed a motion for partial summary judgment, along with a supporting affidavit and exhibits, on the issue of liability in its breach of construction contract action. Prior to the day of hearing appellant/defendant served an opposing affidavit but did not file it with the court before the hearing. Defendant’s counsel arrived late to the hearing to discover the trial judge had already orally granted plaintiff’s motion for partial summary judgment. The court allowed defendant’s counsel to present argument, and according to defendant, would not consider the opposing affidavit, or its motion to amend answer, proposed amended answer, and counterclaim as none of them had been filed with the court prior to the hearing.
The trial judge granted plaintiff’s motion for partial summary judgment on the issue of liability. Defendant then filed a motion for relief from the order granting plaintiff’s motion for partial summary judgment pursuant to Florida Rule of Civil Procedure 1.540. The trial judge denied defendant’s motion for relief from the order on motion for partial summary judgment. Defendant appeals the order denying its motion for relief.
No partial summary judgment has ever been entered in this cause. The order granting plaintiff’s motion for partial summary judgment was not a final order, Aetna Casualty and Surety Co. v. Meyer, 385 So.2d 10 (Fla.3d DCA 1980), was itself not subject to appeal,[1] and was not subject to relief under Florida Rule of Civil Procedure 1.540, which is applicable only to final judgments, decrees, orders, and proceedings. Tieche v. Florida Physicians Insurance Reciprocal, 431 So.2d 287 (Fla. 5th DCA 1983). Therefore, the trial judge’s denial of defendant’s motion for relief from *1343 order granting motion for partial summary judgment was proper and not an abuse of discretion, Church v. Strickland, 382 So.2d 419 (Fla. 5th DCA 1980), because the motion was not directed at a final order subject to relief under Florida Rule of Civil Procedure 1.540.[2]
AFFIRMED.
DAUKSCH and ORFINGER, JJ., concur.

. See Danford v. City of Rockledge, 387 So.2d 967 (Fla. 5th DCA 1980); Kingsland v. National Advertising Company, 384 So.2d 701 (Fla. 5th DCA 1980); Bernstein v. First Federal Savings & Loan Association of Orlando, 384 So.2d 301 (Fla. 5th DCA 1980); McCready v. Villas Apartments, 379 So.2d 719 (Fla. 5th DCA 1980).

. Our affirmance does not preclude defendant from obtaining review of a partial summary judgment on the issue of liability in favor of the plaintiff (Fla.R.App.P. 9.130(a)(3)(C)(iv)) (as distinguished from a mere order granting a motion for a partial summary judgment, as was entered in this case) or from a final judgment in the cause (Fla.R.App.P. 9.030(b)(1)(A)).