522 So.2d 480 (1988)
BRAVO ELECTRIC CO., INC., Appellant,
v.
CARTER ELECTRIC CO., Etc., et al., Appellees.
No. 87-667.
District Court of Appeal of Florida, Fifth District.
March 17, 1988.
Richard W. Prospect of Haas, Boehm, Brown, Rigdon, Seacrest & Fischer, P.A., Daytona Beach, for appellant.
Robert K. Rouse, Jr., of Smith, Schoder and Rouse, P.A., Daytona Beach, for appellees.

ON ORDER TO SHOW CAUSE
PER CURIAM.
Appellant, Bravo Electric Company, Inc., seeks review of an order which states:
[T]he MOTION OF CARTER ELECTRIC FOR PARTIAL SUMMARY JUDGMENT, filed by the plaintiff as to liability only is hereby granted.
Sua sponte, this court, citing Danford v. City of Rockledge, 387 So.2d 967 (Fla. 5th DCA 1980), ordered the appellant to show cause why this appeal should not be dismissed because it appeared that the order appealed from was a nonfinal, nonappealable order.
In Servotech, Inc. v. Atlantic Central Corporation, 497 So.2d 1341 (Fla. 5th DCA 1986), the trial judge granted the plaintiff's motion for partial summary judgment on the issue of liability. On appeal this court noted that no partial summary judgment was ever entered, and that the order merely granting the plaintiff's motion was itself not subject to appeal. This court also stated:
Our affirmance does not preclude defendant from obtaining review of a partial summary judgment on the issue of liability in favor of the plaintiff (Fla.R. App.P. 9.130(a)(3)(C)(iv)) (as distinguished from a mere order granting a motion for a partial summary judgment, as was entered in this case) or from a final judgment in the cause (Fla.R.App.P. 9.030(b)(1)(A)).
Id. at 1343, n. 2.
As a particular legal matter, an interlocutory trial court order merely granting or denying a motion neither adjudicates or judicially settles questions or issues of fact or law. Certainly it determines nothing conclusively or authoritatively. At best, it indicates which way the trial judge is thinking and, unless he changes his mind, which way he will rule when the subject matter of the motion is judicially determined. Traditionally it has been held that trial judges *481 have the right and authority, at any time before entering a final judgment, to change their minds and to change any prior interlocutory ruling.[1]
The appealed order in this case is nonfinal and does not adjudicate the issue of liability within the meaning of Rule 9.130(a)(3)(C)(iv);[2] therefore, this cause is remanded to the trial court for 30 days for entry of an appealable order. See Lawler v. Harris, 418 So.2d 1239 (Fla. 5th DCA 1982).
REMANDED.
COBB and COWART, JJ., concur.
ORFINGER, J., dissents with opinion.
ORFINGER, Judge, dissenting.
If the order appealed from were a nonappealable order, I would agree with a remand for the entry of an appealable order per Lawler v. Harris, 418 So.2d 1239 (Fla. 5th DCA 1982), even though to do so elevates form over substance and causes a complete waste of judicial labor. However, in my opinion the order involved here is appealable, so I see no need for a remand.
The action here is one for indemnity. Appellant was the defendant below. The plaintiff moved the court "to enter partial summary judgment ... on the issue of the legal liability of defendant ..." The order appealed from says:
* * * * * *
... it is ORDERED AND ADJUDGED that the MOTION OF CARTER ELECTRIC FOR PARTIAL SUMMARY JUDGMENT, filed by the plaintiff as to liability only is hereby granted.
At first blush, it appears that the order suffers from the same infirmity as that found in Danford v. City of Rockledge, 387 So.2d 967 (Fla. 5th DCA 1980) because it lacks finality, but closer study indicates that such is not the case. Danford did not involve the same procedural problem we find here. In Danford, the plaintiff appealed from an order granting the defendants' motion for summary judgment, no final summary judgment having been entered. This court remanded the case to the trial court for entry of a final appealable judgment. We could not consider the order under Florida Rule of Appellate Procedure 9.130 because it did not fit any of the categories of non-final orders which are appealable under that rule.
This case, however, is different. The order in question here is admittedly non-final, and is being appealed under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv), which permits the review of non-final orders which "determine ... the issue of liability in favor of a party seeking affirmative relief." Thus, Danford does not apply here. Neither, in my opinion, is Servotech, Inc. v. Atlantic Central Corporation, 497 So.2d 1341 (Fla. 5th DCA 1986) apposite here. In Servotech, it was held that Florida Rule of Civil Procedure 1.540 did not apply to non-final orders. Thus, even had there been a partial summary judgment in that case (as opposed to an order granting the partial summary judgment) the result would have been the same. What we said in that case about the non-appealability of an order granting a motion for summary judgment was pure dictum, and I am now convinced that the dictum was incorrect.
The reference to Danford in our order to show cause suggests the thought that a summary judgment must actually be entered to support the appeal of this non-final order, but there is nothing in the rule to suggest that result. Prior to 1977, the appellate rules provided that interlocutory *482 appeals could be taken "from orders granting partial summary judgment on liability in civil actions ..." Rule 4.2, Fla.App. Rules. In the 1977 revision of the rules, that provision was changed to provide for review of non-final orders which "determine ... the issue of liability in favor of a party seeking affirmative relief." Fla.R. App.P. 9.130(a)(3)(C)(iv). Unless it can be said that the supreme court performed a meaningless act when it amended the rules, it would appear that the entry of a partial summary judgment is no longer required.[1] There can be no doubt that the order appealed from here intended to rule in favor of plaintiff on the issue of liability, as requested. The issue of liability was no longer open after the entry of this order unless or until the trial court entered a contrary order. Adding words like "and partial summary judgment on liability is hereby entered in favor of plaintiff" would have added nothing to the import of the ruling. Even with the addition of these "magic words" the order would still be non-final, and would be subject to a change of mind of the trial court as is any other non-final or interlocutory order. See Holman v. Ford Motor Company, 239 So.2d 40 (Fla. 1st DCA 1970).
The order in question here "determines ... the issue of liability ..." in favor of the plaintiff. Liability is determined here just as surely as it is when the court enters an order denying a motion to set aside a default. Doctor's Hospital of Hollywood, Inc. v. Madison, 411 So.2d 190 (Fla. 1982). In Doctor's Hospital, the supreme court held that the word "determine" means "to fix conclusively or authoritatively," "to settle a question or controversy about," and to "decide by judicial sentence." Id. at 191. An order granting the plaintiff's motion for entry of a summary judgment on the issue of liability decides that the defendant is liable, thus settling the question of liability in that case as conclusively as can be done by any non-final order.
I would discharge the rule to show cause and retain jurisdiction of the appeal.
NOTES
[1] Alabama Hotel Co. v. J.L. Mott Iron Works, 86 Fla. 608, 98 So. 825 (1924); Holman v. Ford Motor Co., 239 So.2d 40 (Fla. 1st DCA 1970).
[2] The dissent's contention that the 1977 revision of the appellate rules in regard to Rule 9.130(a)(3)(C)(iv), formerly Rule 4.2, would be meaningless unless construed to eliminate the need for a judgment to support an interlocutory appeal is unpersuasive. The purpose of the revision was to eliminate summary defense judgments from the category of interlocutory appeals, since they would be subject to plenary appeal as final judgments. The revision was intended to restrict, not expand, the appealability of "nonfinal judgments." Travelers Insurance Company v. Bruns, 443 So.2d 959, 961 (Fla. 1984) (emphasis added).
[1] The comment by the majority in footnote 2 is equally unpersuasive. Had the supreme court intended to continue to require the entry of partial judgments when it restricted the appealability of these orders it could just as easily have amended the earlier rule to provide that interlocutory appeals could be taken "from orders granting partial summary judgment on liability in favor of a party seeking affirmative relief." That the court chose not to include the word "judgment" in the revision, clearly indicates to me that it did not intend to require one as a condition to seeking appellate review.