LEHAN, Judge.
We reverse the trial court’s August 16, 1988 order which struck appellants’ amended complaint. The amended complaint had been filed pursuant to a May 2, 1988 order of the same court granting leave to file an amended complaint. The stated basis for the August 16, 1988 order was that the trial court had lacked jurisdiction to permit the filing of an amended complaint because that court had previously, on January 20, 1987, as affirmed by that court on July 27, 1987, dismissed the original complaint pursuant to final orders as to which no motion for rehearing had been filed and from which no appeal had been taken.
We do not agree that the trial court had lacked such jurisdiction. The reason is that the January 20, 1987 order had only granted defendants’ motion to dismiss the original complaint and therefore, as is conceded by appellees, had not been a final order of dismissal. While the July 27, 1987 order stated that the January 20, 1987 order had been “an order dismissing the complaint,” the January 20,1987 order had not actually done so. While it appears from the July 27, 1987 order that the court had intended to dismiss the complaint, we cannot under these circumstances elevate intended substance over form. It is established that the form of orders of this kind is determinative. See Gries Investment Co. v. Chelton, 388 So.2d 1281, 1282 (Fla.3d DCA 1980); Guth v. Howard, 362 So.2d 725 (Fla.2d DCA 1978) (an order granting a motion to dismiss is not an order of dismissal). See also Scott v. Waste Management, Inc. of Florida, 537 So.2d 686 (Fla.4th DCA 1989).
It is therefore of no significance for present purposes that plaintiffs failed to appeal within thirty days, or to file a motion for rehearing within ten days, following entry of either the January 20, 1987 order or the July 27, 1987 order. When plaintiffs filed their motion for leave to file an amended complaint and the motion was granted, the court had not lost jurisdiction of the cause. Its May 2, 1988 order granting such leave had been entered with jurisdiction to do so.
*1079 Reversed and remanded for proceedings consistent herewith.
RYDER, A.C.J., and ALTENBERND, J., concur.