743 So.2d 1215 (1999)
MONTICELLO INSURANCE COMPANY, Appellant,
v.
Earl THOMPSON, individually and d/b/a Autopride Car Wash, et al., Appellees.
No. 99-2597.
District Court of Appeal of Florida, First District.
November 17, 1999.
Victoria E. Heuler, Tallahassee, for Appellant; Douglas A. Mang and Connie Pecori Crews of Mang Law Firm, P.A., Tallahassee, for Amicus Curiae.
Dixie D. Powell, Crestview; Richard M. Denney, Ft. Walton and W.H.F. Wiltshire, Pensacola, for Appellees.

ORDER OF DISMISSAL
PER CURIAM.
Monticello Insurance Company appeals from an order which determined that Earl Thompson, individually and d/b/a Autopride Car Wash, appellee, "is entitled to Final Summary Judgment as a matter of law" on his third party complaint seeking a declaration that appellant was required to provide him liability insurance coverage in the underlying personal injury action by Karla Sue Edge. A declaratory judgment determining insurance coverage "has the force and effect of a final judgment," section 86.011, Florida Statutes (1997), and "is appealable as a final order regardless of whether the judgment is rendered in a separate declaratory judgment action or as part of a third-party action." Canal Ins. Co. v. Reed, 666 So.2d 888, 891 (Fla.1996). The order on appeal, however, merely establishes entitlement to a judgment and *1216 does not actually enter or render a judgment as to insurance coverage or include specific "language of finality" necessary for a judgment of this type to be considered "final" for purposes of an appeal. See Catchings v. Florida-McCracken Concrete Pipe, 101 Fla. 792, 135 So. 561, 562 (1931); Allstate Ins. Co. v. Collier, 405 So.2d 311, 312 (Fla. 4th DCA 1981)(order which provided that "Defendant's motion for final summary judgment is hereby granted that the plaintiff take nothing by the suit and go hence without day" was final, appealable order; use of additional language "len[t] the necessary unequivocal declaration of finality that will support an appeal"); Danford v. City of Rockledge, 387 So.2d 967, 968 (Fla. 5th DCA 1980)(orders granting motions for summary judgment, which contained neither "the traditional words of finality nor other words of similar import," were not final orders subject to appellate review). Although we recognize that our ruling may well elevate form over intended substance, see Chesbrough v. Shope, 544 So.2d 1078 (Fla. 2d DCA 1989), case law establishes that "the form of orders of this kind is determinative." Id. Thus, without language in the order which "hereby enters" a judgment, or similar unequivocal language of finality, ruling that insurance coverage exists for appellee Thompson under the applicable policy issued by Monticello, we do not possess jurisdiction even under Canal Insurance. Accordingly, the instant appeal is hereby dismissed without prejudice to appellant to file a timely notice of appeal when a summary judgment as to coverage is entered by the trial court. See Benton v. Moore, 655 So.2d 1272, 1273 (Fla. 1st DCA 1995).
WEBSTER, DAVIS and VAN NORTWICK, JJ., CONCUR.