780 So.2d 339 (2001)
STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., Petitioner,
v.
OPEN MRI OF ORLANDO, INC., etc., Respondent.
No. 5D00-3648.
District Court of Appeal of Florida, Fifth District.
March 30, 2001.
*340 Dale T. Gobel, and Christopher J. Schuster of Drage, deBeaubien, Knight, Simmons, Mantzaris & Neal, Orlando, for Petitioner.
Steven M. Johnson, Johnson & Williams, P.A., Orlando, for Respondent.
PLEUS, J.
Open MRI of Orlando, Inc. (Open MRI) appealed to the circuit court an adverse summary judgment entered by a county judge in favor of State Farm Mutual Automobile Insurance Company (State Farm). State Farm moved to strike the notice of appeal and to dismiss the appeal. The circuit court denied State Farm's motion. State Farm filed a petition for writ of certiorari to this court.
At issue is whether a final summary judgment entered by the county court on October 18, 1999, constitutes an appealable final order. In pertinent part, the county court ruled using the following language: "Final Summary Judgment is hereby entered in favor of State Farm Mutual Automobile Insurance Company, and against Open MRI of Orlando, Inc." In the appeal to the circuit court, Open MRI took the position that the county court's final summary judgment did not constitute an appealable order. Accordingly, it pointed out to the circuit court that Open MRI filed a motion for entry of final judgment on January 31, 2000. The county court apparently agreed with the position of Open MRI and ultimately entered a final judgment in favor of State Farm on April 7, 2000. The final judgment of April 7, 2000 includes the following language: "IT IS ADJUDGED that Plaintiff, Open MRI of Orlando, Inc. as assignee of Diane Ball, take nothing by this action and that Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, shall go hence without day." Soon thereafter, Open MRI filed its notice of appeal with regard to the final judgment of April 7, 2000 rather than with regard to the earlier final summary judgment of October 18, 1999.
State Farm takes the position that the county court's initial final summary judgment of October 18, 1999, was a final appealable order because it disposed of all the issues pending before the county court. Thus, Open MRI should have filed its notice of appeal within 30 days of October 18, 1999.
We hold the county court's order of October 18, 1999 was an appealable final order. Open MRI had 30 days within which to seek appellate review. In that order, the county court explicitly ruled "Final Summary Judgment is hereby entered in favor of State Farm." (emphasis added.) This quoted language is self-executing, does not contemplate any further judicial labor with regard to the rights of the parties, and is sufficient under the case law to establish finality. See Monticello Insurance Co. v. Thompson, 743 So.2d 1215 (Fla. 1st DCA 1999) (to be appealable, the order must contain such language as "hereby enters" judgment, or "similar *341 unequivocal language of finality"). See generally S.L.T. Warehouse Co. v. Webb, 304 So.2d 97 (Fla.1974) (final order is one that "constitutes an end to the judicial labor in the cause, and nothing remains to be done by the court to effectuate a termination of the cause as between the parties directly affected"); P. PADOVANO, FLORIDA APPELLATE PRACTICE § 21.2 (2d ed.1997). Compare Bowman v. State Farm Mut. Auto. Ins. Co., 599 So.2d 273 (Fla. 5th DCA 1992) (an order that merely grants a motion for summary judgment is not an appealable order).
To be sure, the order of April 7, 2000 includes additional language of finality that was not present in the earlier judgment of October 18, 1999, namely that Open MRI shall "take nothing by this action" and that State Farm "shall go hence without day." However, such language is not essential to the finality of a judgment for appeal purposes. See Palm AFC Holdings, Inc. v. Minto Communities, Inc., 766 So.2d 436 (Fla. 4th DCA 2000) (order dismissing second amended complaint for failure to state cause of action was final appealable order though it did not state that dismissal was "with prejudice;" subsequent order dismissing complaint with prejudice was a nullity so that appeal from second order was untimely with regard to original order); Chan v. Brunswick Corp., 388 So.2d 274 (Fla. 4th DCA 1980) (phrase "for which let execution issue" that was added one month after entry of summary judgment was not essential in creating finality of judgment for purposes of appeal).
For purposes of certiorari, the circuit court's order constitutes a departure from the essential requirements of law and results in irreparable harm that cannot be later remedied on direct appeal. The error involved with the circuit court's order is not just reversible in nature, but jurisdictional. Because the notice of appeal in the instant case was untimely, the circuit court lacks jurisdiction to entertain Open MRI's appeal in the first instance. See Peltz v. District Court of Appeal, Third District, 605 So.2d 865 (Fla.1992) ("The untimely filing of a notice of appeal precludes the appellate court from exercising jurisdiction;" prohibition granted). Also, State Farm would not later have an adequate remedy by way of appeal. Rather, should the circuit court on appeal rule in favor of Open MRI, State Farm then would not have an adequate remedy by way of appeal but would rather have to attempt to seek a writ of certiorari from this court, because the parties would have already had the benefit of an appeal. Under that scenario, State Farm would, of course, be subject to the limited scope of review involved with certiorari. It is wellsettled that certiorari may not be used in an attempt to seek a second appeal.
Accordingly, we grant the petition for writ of certiorari and quash the circuit court's order. On remand, the circuit court is directed to dismiss Open MRI's appeal for lack of jurisdiction as untimely.
CERTIORARI GRANTED WITH DIRECTIONS; ORDER QUASHED.
COBB and HARRIS, JJ., concur.