817 So.2d 1057 (2002)
Ken HOFFMAN, Trustee of the Eric S. Hoffman Irrevocable Trust, Appellant,
v.
William D. HALL, Appellee.
No. 1D02-0756.
District Court of Appeal of Florida, First District.
June 6, 2002.
Michael P. Bist and William C. Owen of Gardner, Duggar, Bist & Wiener, Tallahassee, for appellant.
*1058 William D. Hall, Tallahassee; J. Steven Carter of Henry, Buchanan, Hudson, Suber & Carter, Tallahassee, for appellee.
PER CURIAM.
Appellee moves to dismiss this appeal as premature asserting that the order sought to be reviewed is not final. We agree and dismiss the appeal.
The circuit court issued an order titled, "Order on Defendant's Motion to Dismiss Second Amended Complaint." Paragraph 1 of the order stated that the defendant's motion to dismiss was granted. Paragraph 2 of the order stated, "Plaintiffs Second Amended Complaint shall be dismissed with prejudice and judgment in favor of defendant shall be entered." This phrasing suggests that some future action "shall" be taken when the final judgment "shall" be issued. In addition, the title to the order does not indicate that it is intended to be a final order, but rather is simply an order on a motion. An order which merely grants a motion to dismiss but does not actually enter a final judgment is nonfinal and nonappealable. Gries Inv. Co. v. Chelton, 388 So.2d 1281 (Fla. 3d DCA 1980).
In order to be final for appellate purposes, an order must demonstrate an end to the judicial labor in the case. Pruitt v. Brock, 437 So.2d 768 (Fla. 1st DCA 1983). The traditional test for finality is whether the decree disposes of the cause on its merits leaving no questions open for judicial determination except for execution and enforcement of the decree if necessary. Welch v. Resolution Trust Corp., 590 So.2d 1098 (Fla. 5th DCA 1991). Particular words and phrases are not essential to finality of an order. GEICO Fin. Servs. v. Kramer, 575 So.2d 1345 (Fla. 4th DCA 1991)(although typical for a final order, the phrase "for which let execution issue" is not essential for finality); State Farm Mut. Auto. Ins. Co. v. Open MRI of Orlando, Inc., 780 So.2d 339 (Fla. 5th DCA 2001)(phrases "plaintiff shall take nothing by this action" and "plaintiff shall go hence without day" are not essential to finality); Falkner v. Amerifirst Fed. Sav. & Loan Ass'n, 467 So.2d 746 (Fla. 3d DCA 1985)(order was final even though it did not include the words "with prejudice"). However, the use of such phrases does signal a final adjudication of the cause as between the parties.
To be appealable as a final order, an order must contain unequivocal language of finality. Allstate Ins. Co. v. Collier, 405 So.2d 311, 312 (Fla. 4th DCA 1981)(order which provided that "Defendant's motion for final summary judgment is hereby granted that the plaintiff take nothing by this suit and go hence without day" was final, appealable order; use of additional language "len[t] the necessary unequivocal declaration of finality that will support an appeal"); Danford v. City of Rockledge, 387 So.2d 967, 968 (Fla. 5th DCA 1980)(orders granting motions for summary judgment, which contained neither "the traditional words of finality nor other words of similar import," were not final orders subject to appellate review). Where an order stated that "final summary judgment is hereby entered in favor of a party, the language was self-executing, did not contemplate any further judicial labor with regard to the rights of the parties and was sufficient to establish finality. State Farm Mut. Auto. Ins. Co. v. Open MRI of Orlando, Inc., 780 So.2d 339 (Fla. 5th DCA 2001). In the case before this court, the title of the order, the lack of language demonstrating finality and the ambiguous phrasing which suggests that some future order "shall be entered" renders the order nonfinal for appellate purposes. The order on appeal merely establishes entitlement to a judgment and does not actually enter or render a judgment.
*1059 We decline appellant's suggestion to review the order by petition for writ of certiorari. A non-final order for which no appeal is provided by Florida Rule of Civil Procedure 9.130 is reviewable by petition for certiorari only in limited circumstances. Appellant has made no showing that the order was a departure from the essential requirements of law resulting in material injury throughout the remainder of the proceedings below, effectively leaving no adequate remedy on appeal. Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla.1987). We also decline appellant's suggestion to relinquish jurisdiction to permit entry of a final order. Benton v. Moore, 655 So.2d 1272 (Fla. 1st DCA 1995).
DISMISSED.
BOOTH, BARFIELD and VAN NORTWICK, JJ., concur.