983 So.2d 618 (2008)
MIAMI-DADE COUNTY, Florida, Appellant,
v.
ASSOCIATED AVIATION UNDERWRITERS, United States Aircraft Insurance Group, United States Aviation Underwriters, Inc., Certain Underwriters at Lloyd's, London, and Certain London Market Insurance Companies, Appellees.
No. 3D07-110.
District Court of Appeal of Florida, Third District.
April 23, 2008.
Rehearing and Rehearing Denied June 20, 2008.
R.A. Cuevas, Jr., County Attorney, and Mercedes Sandoval Holston and Thomas H. Roberston, Assistant County Attorneys; The Rotbert Law Group and Mitchell J. Rotbert, Maryland, pro hac vice, for appellant.
Squire, Sanders & Dempsey and Alvin B. Davis, Miami and Patrick J. O'Connor; Lord Bissell & Brook and Christopher R. Barth and Dan W. Fowler, Maryland, pro hac vice; Siboni Hamer & Buchanan and Michael C. Siboni, Ocala; Shughart Thompson & Kilroy and Edward R. Glady, Jr., Arizona, for appellees.
Before GERSTEN, C.J., and COPE and SUAREZ, JJ.
Rehearing and Rehearing En Banc Denied June 20, 2008.
SUAREZ, J.
Miami-Dade County appeals the final summary judgment granted in favor of *619 Associated Aviation Underwriters, United States Aircraft Insurance Group, United States Aviation Underwriters, Inc., Certain Underwriters at Lloyd's, London, and Certain London Market Insurance Companies (collectively, "Insurers"). We reverse the summary judgment as we find that Pan American World Airways assigned to Miami-Dade County its claims to coverage under policies issued by the Insurers for remediation of environmental contamination caused by Pan American at the Miami International Airport.
Pan American leased property at Miami International Airport from Miami-Dade County from 1948 until the demise of Pan American in 1992. The various leases entered into during this period required Pan American to carry liability insurance, which was secured by Pan American from various insurance carriers over the years.
Pan American declared bankruptcy in 1992. Miami-Dade County claimed that Pan American was responsible for ground contamination at the airport. As part of Pan American's bankruptcy, it entered into a settlement agreement with Miami-Dade County, assigning to Miami-Dade County Pan American's rights against any of its Insurers that provided coverage for environmental damage to property caused by Pan American.[1] Miami-Dade County then claimed that Pan American's Insurers were responsible for coverage for the environmental clean-up cost. The Insurers filed a declaratory action to determine whether Miami-Dade County is entitled to coverage under the policies secured by Pan American. The trial court found that there was no coverage for the years 1970-1971 and 1987-1992, and granted summary judgment in favor of the Insurers. This Court upheld the summary judgment on appeal.[2] On remand, the trial court granted summary judgment in favor of the Insurers finding no coverage for the years 1948 through 1970. Miami-Dade County now appeals that final summary judgment.
The only issue this Court needs to address is whether Pan American effectively assigned to Miami-Dade County its rights against the insurance carriers for environmental clean-up. This issue has already been addressed in the prior appeal. Although that appeal concerned coverage solely for the years 1970-1971 and 1987-1992, the issue of assignment to Miami-Dade County of Pan American's claim for coverage for environmental remediation was addressed in that appeal and encompassed all of Pan American's tenancy, from 1948 until 1992. In his special concurring opinion, Judge Cope agreed with the results of the case but disagreed with some of the reasoning. He stated that the effect of Miami-Dade *620 County's bankruptcy settlement with Pan American was to assign to Miami-Dade County Pan American's claims for environmental damage under its insurance policies. Judge Jorgenson, although dissenting in the decision, specifically agreed with Judge Cope on that issue.
Generally, a concurring or a special concurring opinion does not constitute law of the case. It is just one judge expressing his or her particular view of the case. But, where that special concurring opinion, or an issue in that special concurring opinion, is joined by a majority of the court, it does constitute law of the case as to that specific issue. See Greene v. Massey, 384 So.2d 24 (Fla.1980); Lendsay v. Cotton, 123 So.2d 745 (Fla. 3d DCA 1960). Judges Cope and Jorgenson both held that there was a valid assignment to Miami-Dade County by Pan American of Pan American's claims for coverage against its Insurers for any environmental damage caused by Pan American. We are, therefore, bound by and follow that holding as to assignment for the years 1948 through 1970.
Reversed and remanded.
NOTES
[1] 12. Mutual Releases.

(a). In consideration of the foregoing, DCAD, DERM, Dade County and each of its agencies and subdivisions, shall and each hereby does release Pan Am from any and all claims of any nature whatsoever relating to or arising out of the occupation and use by Pan Am of the buildings and premises at MIA which are the subject of this agreement, excepting . . . (iii) any claim for any amounts which are (A) recovered by Pan Am or (B) recoverablefrom any insurance company, except an insurance company affiliated with Pan Am, that provides or may provide insurance coverage for environmental damage to the properties at MIA caused by Pan Am.
[2] See Miami-Dade County v. Associated Aviation Underwriters, 840 So.2d 264 (Fla. 3d DCA 2002). The majority, with Judge Jorgenson dissenting, upheld the trial court's denial of coverage for the above years based, not on the issue of assignment, but on finding that Miami-Dade County was not an "additional insured" under some of the policies, and that the remaining policies in question contained pollution exclusion clauses. The issue of pollution exclusion as to the policies dating from 1948-1970 was not addressed in that appeal.