PER CURIAM.
Upon review of Appellant’s timely response to this Court’s April 20, 2012, show cause order, we dismiss this appeal for lack of jurisdiction because the order under review is neither a final order nor an appealable non-final order under Florida Rule of Appellate Procedure 9.180(b)(1).
An order is final if it constitutes an end to judicial labor. See Hoffman v. Hall, 817 So.2d 1057, 1058 (Fla. 1st DCA 2002) (“The traditional test for finality is whether the decree disposes of the cause on its merits leaving no questions open for judicial determination except for execution and enforcement of the decree if necessary.”). Contrary to the Employer/Carrier’s argument, questions remain open and they were ripe for adjudication.
When the parties completed the July 22, 2011, Uniform Statewide Pretrial Stipulation, one of the stated claims included “all attendant issues related to the provision of housing, i.e. housing offset, insurance, utilities, moving expenses, lease or deed etc.” In the order under review, the Judge of Compensation Claims (JCC) reserved jurisdiction “to determine all attendant (affiliated) issues related to the housing to include, but not limited to housing offset, insurance, utilities and moving expenses and the like.” In addition, the JCC included language in the decretal portion of the order that “(a)n expedited hearing with regard to the reserved issues will be set.” If it is necessary to schedule another hearing to address the claims asserted in the pretrial stipulations, it can hardly be said that “no questions [remain] open for judicial determination except for execution and enforcement of the decree if necessary.” Hoffman, 817 So.2d at 1058.
Accordingly, this appeal is DISMISSED.
DAVIS, VAN NORTWICK, and PADOVANO, JJ., concur.