ALTENBERND, Judge.
NextGen Restoration, Inc., appeals an order dismissing its complaint against Citizens Property Insurance Corporation. We reverse.
According to the complaint, a home insured by Citizens was damaged by a water event on May 9, 2011. NextGen allegedly entered into a remediation contract with the homeowner to repair the damage. In consideration for this contract, the homeowner executed a written assignment of benefits that assigned “any and all insurance rights, benefits, and proceeds” under Citizens’ policy of insurance. When Citizens paid only a part of NextGen’s bill, NextGen filed a lawsuit alleging breach of contract.
Citizens initially responded to the action by filing a motion to dismiss. The motion to dismiss alleged only that NextGen had failed to reference the language of the insurance policy or attach a copy of that contract. Several months later, before any hearing on the motion to dismiss, Citizens filed an answer to the complaint. It admitted that it had issued a policy with an identified number insuring the relevant property, and it also admitted that the property had sustained water damage. As a third affirmative defense, it claimed that “the basis for recovery arises from an invalid assignment.” It raised other defenses, quoting the language of the relevant insurance policy.
*1256 The trial court held a hearing on the motion to dismiss about two months after the answer had been filed. Counsel for Citizens appeared in person, and counsel for NextGen appeared by telephone. Although counsel for Citizens began its argument by addressing the ground for dismissal in its motion, i.e., the need to attach the insurance contract to the complaint, it shifted to arguing about the problems created by remediation contractors and the assignments they receive. Oddly, counsel for Citizens provided to the trial court a copy of the insurance policy to establish that the policy contained an anti-assignment clause. Counsel explained that she was going to “digress a moment” and then explained that Citizens was experiencing “an absolute crisis” with remediation companies. Counsel explained that Citizens “desperately” needed rulings and case law on these assignments and orally moved to dismiss the complaint with prejudice.
Counsel for NextGen responded, explaining that the hearing had been set on a motion to dismiss for failure to attach an insurance policy. He explained that he did not have a copy of the insurance policy that Citizens had just provided to the judge. He asked the court to limit the hearing to the motion.
After further argument, the court suggested that “it sounds as though, really, the motion to dismiss is based on a standing issue.” The court concluded that the assignment did not give NextGen standing. While counsel for NextGen continued to argue that the court had gone beyond the motion to dismiss, the participants continued to discuss the assignment. At the conclusion of the hearing, the court announced that it was dismissing the complaint “based on an invalid assignment.” Apparently concerned that a dismissal “with prejudice” might prevent NextGen from bringing an action against the homeowner, the court dismissed the complaint. The order did not provide for any right to amend the complaint because the trial court did not see a way for NextGen to cure the problem with its complaint that was based on an assignment.
NextGen appealed this order. Although Citizens maintains that this court must dismiss this appeal as from a nonfi-nal, nonappealable order, the order states: “Plaintiffs Complaint is hereby DISMISSED.” An order that dismisses a complaint without leave to amend is a final appealable order even if the order is not “with prejudice.” See Palm AFC Holdings, Inc. v. Minto Communities, Inc., 766 So.2d 436 (Fla. 4th DCA 2000).
We reverse the order because the trial court resolved the case on an issue that was not raised in the motion to dismiss and could not have been resolved on this record even if it had been raised. In actuality, Citizens was asking the trial court to grant summary judgment in its favor based on the theory briefly identified in the third affirmative defense contained in its answer. We have serious doubts that the anti-assignment clause of the insurance contract bars the assignment attached to the complaint. But the insurance contract was never placed in the record. It was not provided to NextGen’s counsel. Because it was never placed in the trial court’s record, it is not in this court’s record.
We would observe that much of Citizen’s argument on appeal addresses a provision that it maintains is in the insurance policy that is not in our record. That provision apparently prohibits an assignment of the “policy” without the written consent of Citizens. That provision of the insurance contract does not appear to prevent an assignment of benefits or proceeds owing by virtue of a claim arising under the policy. We do not reach the validity of this specific assignment of insurance bene *1257 fits, but we note that other cases seem to permit assignees to bring similar actions. See, e.g., Miami-Dade Cnty. v. Associated Aviation Underwriters, 983 So.2d 618 (Fla. 3d DCA 2008); State Farm Fla. Ins. Co. v. Unlimited Restoration Specialists, Inc., 84 So.3d 390 (Fla. 5th DCA 2012).
Accordingly, we reverse and remand for further proceedings.
CASANUEVA and WALLACE, JJ., Concur.