PER CURIAM.
The Court has determined that the May 23, 2013, Final Judgment is not a final appealable order. Specifically, although the order appears to determine entitlement to judgment on Count II of the complaint and on the counterclaim, it does not actually enter judgment on either claim. Moreover, it is unclear whether the order disposes of the claims raised in Count I of the complaint. The order fails to enter judgment, and the decretal portion of the order does not appear to be sufficient to dispose of the entire claim. See Monticello Ins. Co. v. Thompson, 743 So.2d 1215 (Fla. 1st DCA 1999). Nor do the subsequently entered Order Denying Plaintiffs Motion for Entry of Final Order, and Motion for Stay Pending Appellate Review, and Order Granting Defendant’s Expedited Motion to Enforce Final Judgment, render the order final. Consequently, this appeal is premature, and the appeal is dismissed without prejudice to appellant’s right to file a proper petition for writ of mandamus pursuant to Florida Rule of Appellate Procedure 9.100. See Maddrie v. McDonough, 945 So.2d 573 (Fla. 1st DCA 2006); State v. Sullivan, 640 So.2d 77 (Fla. 2d DCA 1994). Appellee’s motion to dismiss the appeal as untimely is denied.
LEWIS, C. J., WOLF and ROBERTS, JJ., concur.