# Third District Court of Appeal

## State of Florida

Opinion filed February 3, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-843
Lower Tribunal No. 14-11578
_____


**Caroline Weiss,**
Appellant,

vs.

**Adeena Weiss,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Spencer Eig, Judge.

Billbrough & Marks, P.A., and Geoffrey B. Marks, for appellant.

Torricella Law, PLLC, and Maurice J. Baumgarten, for appellee.


Before LOGUE, HENDON, and GORDO, JJ.

HENDON, J.

Caroline Weiss ("Weiss") appeals from an order closing the underlying case, an order denying Weiss's motion to reopen the case, and an order denying Weiss's motion for reconsideration of the order denying her motion to reopen the case. We reverse and remand.

Facts

This is another episode in the longstanding dispute between the mother, Weiss, and her daughter, Adeena Weiss Ortiz ("Ortiz") regarding property of significant value on Biscayne Bay in Coconut Grove. In 1973, Weiss and her husband, Jack, bought bayfront lots in Coconut Grove, numbered 0 through 7 ("the Property") through their corporation, JAAC, Inc. That same year, JAAC executed a warranty deed granting the Property to Weiss and her husband as tenants by the entirety. In 1987, JAAC signed a warranty deed to Central Bank and Trust company, which in turn executed a land trust agreement deed to JAAC. Jack died in 1995; JAAC was administratively dissolved in 1997. Weiss subsequently issued a number of quitclaim deeds, transfers, and corrective documents involving various lots comprising the Property. Ortiz filed an action against Weiss, the Estate of her father, her sister's trust, and other parties who might claim an interest in the Property. Ortiz's Third Amended Complaint, filed in 2016, included two counts: fraudulent transfer of the Property, and an action to quiet her title to

2

the Property. Weiss filed a counterclaim against Ortiz to quiet title and for slander of title.

Weiss sought to discharge the lis pendens filed by Ortiz against the Property.  The trial court granted in part and denied in part Weiss's motion to discharge the lis pendens or for imposition of a bond, declined to discharge the lis pendens but ordered Ortiz to post a $3,000,000 bond by a certain date in order to maintain the lis pendens. Ortiz failed to post the required bond, and the lis pendens was discharged.  Ortiz then filed a petition for writ of certiorari. This Court found in Weiss's favor, granted Weiss's motion for appellate attorney's fees and remanded to the trial court to fix the amount. Ortiz v. Weiss, 227 So. 3d 689 (Fla. 3d DCA 2017) (3D17-420).

Following that, the trial court rendered its November 14, 2018 "Final Judgment as to Plaintiff's Claims" (emphasis added), in which the trial court found against Ortiz and dismissed all counts of Ortiz's third amended complaint, with prejudice.  Further, not only did that order reserve jurisdiction to determine Weiss's appellate attorney's fees ordered by this Court, it also reserved jurisdiction to determine liability and damages in Weiss's counterclaim.

Ortiz appealed from that order. Weiss again prevailed and sought appellate attorney's fees in that case, but this Court denied the motion

3

without prejudice to Weiss's right to seek such fees as damages on her outstanding counterclaim for slander of title. Ortiz v. Weiss, 282 So. 3d 949, 952 (Fla. 3d DCA 2019) ("Finding no error in the order and final partial judgment, we affirm.") (emphasis added).

While Ortiz's second appeal was pending, on March 25, 2019, the trial court closed the underlying case as to all parties, although Weiss's counterclaim remained pending below. When Weiss sought to proceed with her counterclaim, she discovered that an order closing the case had been entered. Weiss timely moved to reopen the case, and in an unelaborated order the trial court denied the motion and denied Weiss's motion on rehearing. Weiss's appeal followed.

Standard of Review

The determination of the finality of an order is a pure question of law and is subject to de novo review. M.M. v. Fla. Dep't of Children & Families, 189 So. 3d 134, 137 (Fla. 2016).

Discussion

Ortiz characterizes the November 2018 judgment as "final," and it was – for her as Plaintiff. To be deemed final, "an order must demonstrate an end to the judicial labor." Hoffman v. Hall, 817 So. 2d 1057, 1058 (Fla. 1st DCA 2002). "The traditional test for finality is whether the decree disposes

4

of the cause on its merits leaving no questions open for judicial determination except for execution and enforcement, if necessary." Id. The November 2018 judgment disposed of the entirety of Ortiz's claims against Weiss, but reserved jurisdiction to resolve Weiss's counterclaim for slander of title against Ortiz. Thus, the 2018 judgment was not final as to Weiss, whose counterclaim remained pending and still does. See e.g., Marinich v. Special Edition Custom Homes, LLC, 1 So. 3d 1197, 1199 (Fla. 2d DCA 2009) (finding the partial final judgment did not resolve the counterclaim for foreclosure, which counterclaim remained pending in the trial court).

At the conclusion of Ortiz's two appeals from adverse rulings, the appellate fee order of entitlement in 3D17-0420 remained outstanding, and in 3D18-2546, this Court characterized the November 14, 2018 judgment as a "final partial judgment," recognizing Weiss's unlitigated counterclaim remained to be dealt with. The trial court in its March 2019 closure order, however, failed to recognize the partial nature of the 2018 judgment, which was clearly set forth in its style, "Final Judgment as to Plaintiff's Claims," (emphasis added), as well as the internal reservation of jurisdiction over Weiss's counterclaims.

Ortiz argues that jurisdictional deadlines preclude reopening the underlying case, but this assumes that the November 2018 Final Judgment

5

was final as to all parties. As it was not, we decline to address this argument.[1]

We therefore reverse the order closing the case and remand with instructions to reopen the case in order to resolve Weiss's outstanding counterclaim.

Reversed and remanded with instructions.

---

[1] We note that the November 2018 judgment does not contain words of finality, and judicial labor has not concluded in that case. <u>See</u> <u>Coral Gables Imports, Inc. v. Suarez</u>, 2020 WL 3815516, at *2 (Fla. 3d DCA July 8, 2020) ("While the use of discrete verbiage is 'not essential,' the order must contain such phrases as 'hereby enters' a 'judgment,' or 'similar unequivocal language of finality'" quoting <u>Monticello Ins. Co. v. Thompson</u>, 743 So. 2d 1215, 1216 (Fla. 1st DCA 1999)).