DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

KAC 2021-1, LLC, as assignee for Jeneka Hill,

Appellant,

v.

HUDSON SFR PROPERTY HOLDINGS, LLC,

Appellee.

No. 2D2023-1024

_____

May 2, 2025

Appeal from the Circuit Court for Hillsborough County; Lisa Ann Allen, Judge.

Daniel W. Bialczak and Brian K. Korte of Korte & Associates, LLC, Loxahatchee, for Appellant.

Mark R. Lippman of Lippman Law Offices, P.A., Orlando, for Appellee.

LaROSE, Judge.

KAC 2021-1, LLC (KAC), as assignee of the tenant, Jeneka Hill, appeals the final order dismissing its complaint for alleged violations of the Florida Consumer Collection Practices Act (the Act). *See* § 559.72, Fla. Stat. (2022). Allegedly, Hudson SFR Property Holdings, LLC (Hudson), left its three-day residential eviction notice on the tenant's front door. *See* § 83.56(4), Fla. Stat. (2022) (providing for the delivery of

written notice terminating a rental agreement).  We have jurisdiction. *See* Fla. R. App. P. 9.030(b)(1)(A).

KAC contends that the trial court erroneously dismissed the complaint, with prejudice, by ruling on issues not raised by Hudson and failing to allow KAC to amend its complaint.[1]  Hudson concedes error. Accordingly, we reverse and remand for the trial court to permit KAC to amend its complaint.

## I.      **Background**

KAC argues that in posting the eviction notice, Hudson publicly disclosed that the tenant owed money to the landlord.  This, according to KAC, violated section 559.72 of the Act.  Hudson moved to dismiss the complaint, claiming that KAC failed to state a cause of action.  *See generally* Fla. Sm. Cl. R. 7.090(c) (permitting pretrial motions).

Hudson admits that KAC is a "person" covered by the Act.  But Hudson asserted that KAC failed to allege how posting the eviction notice violated the Act.

After a hearing, the trial court orally granted Hudson's motion. Before rendition of a written order, KAC moved for rehearing or, alternatively, leave to amend its complaint.  The trial court granted the rehearing motion.  Ultimately, it dismissed KAC's complaint with prejudice.

The trial court found that KAC failed to allege "the violation of a particular subsection or state[] ultimate facts that would support a cause of action [under the Act]," that Hudson is a "creditor" or "debt collector" under the Act, and that Hudson "disclosed information concerning the

---

[1] Given our disposition, we need not address the other issues KAC raises on appeal.

existence of a debt known to be reasonably disputed by the debtor" under section 559.72(6).

The trial court also found that amending the complaint would be futile. In its view, the eviction notice "squarely falls under the 'debt collector' exemptions" of section 559.55(7). The trial court reasoned that section 83.56 required Hudson to deliver its eviction notice "by leaving a copy . . . at the residence," if the tenant is not present. The trial court also noted that it was "unaware of any case law" prohibiting the posting of the eviction notice on a tenant's door, as it "is [a] common practice for landlords and property management employees."

## II. Discussion

We review the trial court's order dismissing the complaint de novo. *See Locker v. United Pharm. Grp., Inc.*, 46 So. 3d 1126, 1127 (Fla. 1st DCA 2010). We review the trial court's denial of leave to amend for an abuse of discretion. *Readon v. WPLG, LLC*, 317 So. 3d 1229, 1238 (Fla. 3d DCA 2021). "Leave to amend should not be denied unless the privilege has been abused or the complaint is clearly not amendable." *New River Yachting Ctr., Inc. v. Bacchiocchi*, 407 So. 2d 607, 609 (Fla. 4th DCA 1981) (citing *Osborne v. Delta Maint. & Welding*, 365 So. 2d 425 (Fla. 2d DCA 1978)).

Our record indicates, and the parties agree, that Hudson never raised issues addressed by the trial court in dismissing the case. *See generally NextGen Restoration, Inc. v. Citizens Prop. Ins.*, 126 So. 3d 1255, 1256 (Fla. 2d DCA 2013) ("We reverse the order because the trial court resolved the case on an issue that was not raised in the motion to dismiss and could not have been resolved on this record even if it had been raised."). For example, neither party argued that Hudson was an exempted "debt collector" under section 559.55(7).

3

We also conclude that the trial court should have allowed KAC to amend its complaint. The trial court's finding that KAC could allege no facts showing that Hudson was a "debt collector" is misguided. Although section 83.56 required Hudson to deliver the eviction notice, that act, without any other factual allegations, does not fall "squarely" under the statutory exemptions in section 559.55(7). *Cf. Reynolds v. Gables Residential Servs., Inc.*, 428 F. Supp. 2d 1260, 1264 (M.D. Fla. 2006) (holding that "Gables is not a debt collector within the meaning of the term in 15 U.S.C. § 1692(a)(6)(F)" because the lease agreement and facts showed that "Gables had a fiduciary relationship and obligation to West Park, and/or its owners, to manage the apartment"; the rent owed was "not in default until [it was] past due, at which time the past due balance was referred by Gables to a third-party collection agency"; and "Gables not only had a right but indeed a fiduciary obligation to collect rent and corresponding fees from tenants in West Park").

The trial court's reliance on the absence of case law allowing a cause of action under the alleged circumstances also cannot support a finding of futility. *Cf. Bennett v. Walton County*, 174 So. 3d 386, 396 (Fla. 1st DCA 2015) (Makar, J., concurring in part, dissenting in part) ("The absence of Florida caselaw involving state substantive due process challenges to executive actions might suggest that such challenges are non-actionable (like federal substantive due process challenges to state executive actions); it might simply reflect, however, that no Florida court has yet addressed the matter.").

### III.   Conclusion

We reverse the trial court's order dismissing the complaint. We remand for the trial court to give KAC an opportunity to amend its complaint. *See Readon*, 317 So. 3d at 1238.

4

Reversed and remanded.

SLEET, C.J., and ATKINSON, J., Concur.

——————————————

Opinion subject to revision prior to official publication.