231 So.2d 6 (1970)
Ralph A. HAUSER, Petitioner,
v.
Walter URCHISIN, Respondent.
No. 38713.
Supreme Court of Florida.
January 28, 1970.
Ferrero & Middlebrooks, Fort Lauderdale, and Robert Orseck, of Podhurst & Orseck, Miami, for petitioner.
Walter Urchisin, Deerfield Beach, for respondent.
BOYD, Judge.
This cause is before us on petition for writ of certiorari to the District Court of Appeal, Fourth District, to review the decision reported at 221 So.2d 752. Conflict is alleged with the decision of this Court in McNayr v. Kelly.[1]
Petitioner is a member of the City Commission of Deerfield Beach. Respondent *7 was city prosecutor. The City Commission, during its regular meeting, abolished the position of city prosecutor, returning the duties to the city attorney's office. Respondent then issued a statement to the press stating that there was no valid reason for his removal other than political ones; that his compensation was reasonable; that Commissioner Hauser's decision was erroneous and should be appealed; that the City Commission action was instigated by Commissioner Hauser and was a "personal vendetta" against him due to the fact that while Hauser was on the municipal bench he had tried to get rid of respondent and that when the City Commission had declined to reappoint Hauser as City Judge, this was "too much" to see respondent still employed by the city; that the action was unwarranted and politically motivated and that the people could expect such as long as Hauser was on the City Commission.
Petitioner then commented to the newspaper on the statements made by respondent as follows:
"First, Mr. Urchisin's respect for the truth is not famous. And second, I know he considers his services invaluable to the City, but the taxpayers might consider them to be awfully, awfully expensive."
Respondent then brought suit for defamation. Petitioner filed a motion to dismiss on the ground that respondent had insufficiently alleged the elements of a cause of action and that petitioner was absolutely privileged in communicating the alleged slanderous matter concerning the city prosecutor or his office. He also asserted a qualified privilege.
The trial court dismissed the amended complaint on the grounds that it disclosed a defensive declaration to a previous statement by respondent which constituted an effort to vindicate petitioner's character or protect his interest, even though the statement might be false or malicious; that petitioner had a right to reply since he was assailed in the public press and as long as his reply did not exceed the occasion, it was qualifiedly privileged; that petitioner was acting within the scope of his authority as a municipal officer, acting in his quasi-legislative capacity and therefore "might well have the defense of absolute privilege" even though the statement made by him might be false.
The District Court of Appeal reversed, holding:
"* * * If an officer in a legislative, judicial or executive department of the government departs from official duty and indulges in defamatory statements wholly irrelevant and foreign to the scope of his duties, he is not entitled to protection."
Judge McCain dissenting, stated:
"The decisive question is whether the statement by the appellee was made in connection with the performance of his duty and responsibility as a city commissioner. I conclude that it was. Statements by both appellant and appellee were contained in the one newspaper article attached to and incorporated into the complaint. Appellant publicly charged the commission's action in eliminating his office to have been motivated by a vendetta on the part of the appellee, both while appellee served as city judge and later as commissioner. This clarion call to a politically inspired injustice was answered by the one singled out as perpetrator. Could this be construed as anything short of defending both his and the commission's official action, the conduct of which the general public has a right to expect to be above reproach and gilded with utmost honesty and integrity?"
The dissenting opinion of Judge McCain correctly states the law. The majority opinion creates conflict with the decision of this Court in the McNayr case wherein we held that libelous statements made by the county manager of Dade County in a report to the Board of County Commissioners, explaining *8 dismissal of a sheriff, were absolutely privileged. This Court in McNayr stated:[2]
"It seems to be well settled in this State that words spoken or written by public servants in judicial and legislative activities are protected by absolute privilege from liability for defamation. However false or malicious or badly motivated the accusation may be, no action will lie therefor in this State. Nor is it questioned that such absolute immunity in this State extends to county and municipal officials in legislative or quasi-legislative activities as well as to members of the State Legislature and activities connected with State legislation."
The public interest requires that statements made by officials of all branches of government in connection with their official duties be absolutely privileged. Under our democratic system the stewardship of public officials is daily observed by the public. It is necessary that free and open explanations of their actions be made. Any public servant should expect that those having authority to discharge him will explain their reasons for such dismissal. "Those who can't stand the heat should stay out of the kitchen." In the instant case, petitioner did not make a statement on the firing of respondent until after respondent had made a public denunciation of petitioner, which was equally uncomplimentary.
Accordingly, petition for writ of certiorari is granted. The opinion of the District Court is quashed and the cause remanded with directions to reinstate the judgment of the trial court dismissing the amended complaint.
It is so ordered.
ERVIN, C.J., CARLTON and ADKINS, JJ., and MANN, District Court Judge, concur.
NOTES
[1] 184 So.2d 428 (Fla. 1966). See also Robertson v. Industrial Ins. Co., 75 So.2d 198, 45 A.L.R. 1292 (Fla. 1954); Coogler v. Rhodes 38 Fla. 240, 21 So. 109 (1897).
[2] McNayr v. Kelly, 184 So.2d 428, 430 (Fla. 1966).