652 So.2d 1203 (1995)
Dr. Roger GOETZ, Appellant,
v.
James P. NOBLE, M.D., Appellee.
No. 94-2484.
District Court of Appeal of Florida, Fourth District.
March 29, 1995.
Rehearing Denied May 2, 1995.
*1204 Carri L. Sipowski of Derrevere & Williams, P.A., West Palm Beach, for appellant.
Thomas E. Kingcade of Thomas E. Kingcade, P.A., West Palm Beach, for appellee.
DELL, Chief Judge.
Dr. Roger Goetz, in response to the trial court's order denying his motion for summary judgment, petitioned this court for writ of certiorari. The trial court held that Dr. Goetz was not entitled to immunity as a matter of law. Subsequently the supreme court, in Tucker v. Resha, 648 So.2d 1187 (Fla. 1994), held that an order denying a summary judgment motion founded upon a qualified immunity claim is subject to interlocutory review as to issues of law. Therefore, we sua sponte redesignate Dr. Goetz's petition as a nonfinal appeal.
Dr. Goetz (appellant) worked as the medical director and consultant for the Florida Medical Foundation, Inc., an impaired practitioner program operating under section 458.3315, Florida Statutes (1989) (current version at § 455.261, Fla. Stat. (1993)). The Foundation's duties included the evaluation, referral for treatment and case management of physicians who are impaired by mental illness or the misuse of alcohol or drugs. In his capacity as a consultant, appellant responded to a request by the chairman of the impaired practitioner program at Martin Memorial Hospital (the hospital) to meet with Dr. James Noble (appellee), an anesthesiologist who practiced at the hospital. Appellant recommended that he undergo an evaluation, but appellee refused to cooperate. During a discussion with the hospital's impaired practitioner committee, appellant suggested that the hospital could suspend appellee's privileges until he underwent an evaluation. Thereafter, the hospital suspended appellee's privileges.
Appellee brought suit for defamation, intentional interference with a contract and violation of his civil rights under 42 U.S.C. section 1983. Appellant filed a motion for summary judgment based on claims of absolute, qualified and sovereign immunity. The trial court denied appellant's motion. We hold that the trial court erred and thus reverse the order denying summary judgment.
Appellant asserted absolute immunity to the counts of defamation and intentional interference, as is provided under Florida *1205 common law to government officials acting in connection with their official duties. See Hauser v. Urchisin, 231 So.2d 6, 8 (Fla. 1970). Appellee does not dispute that appellant is a government official. The trial court found that appellant's recommendation to the hospital did not fall explicitly within the scope of his statutory authority or power and denied his claim of absolute immunity. Appellant argues and we agree that the trial court adopted an exceedingly narrow interpretation of absolute immunity similar to that specifically rejected by the supreme court in McNayr v. Kelly, 184 So.2d 428 (Fla. 1966).
In McNayr, the county manager fired the sheriff and then reported his actions and the reasons for taking them to the Board of County Commissioners. Id. at 430. Although the county manager did not need the board's approval to fire a sheriff, he did need its approval for hiring. Id. The displaced sheriff argued that because the county manager was not required to report the reasons for dismissing him, the county manager's actions were not a part of any duty or obligation and thus he should not be afforded protection under absolute immunity. Id. The supreme court rejected this narrow contention and held that absolute immunity applied because although he had "no positive duty" to explain his actions to the board, the county manager acted "within the orbit of his duties and responsibilities" in making the report. Id.
Here, appellant had no positive duty to suggest any course of action to the hospital. Section 458.3315 defined the consultant's duties broadly, stating they "shall include working with department investigators to determine whether a practitioner is, in fact, impaired." § 458.3315(3), Fla. Stat. (1989) (current version at § 455.261(2), Fla. Stat. (1993)). Appellant did not suspend appellee. In his capacity as a consultant, appellant made a suggestion to the hospital regarding a potential course of action to encourage a candidate for the impaired practitioner program to undergo an evaluation. Appellant, in discussing the case with the hospital, acted in furtherance of his duty to determine whether appellee needed treatment. In so doing, appellant acted "within the orbit of his duties and responsibilities." McNayr, 184 So.2d at 430. Under McNayr's liberal interpretation, appellant's comments to the hospital's impaired practitioner committee can reasonably be considered statements made in connection with the performance of an official duty. As stated by the supreme court, "public interest requires that statements made by officials of all branches of government in connection with their official duties be absolutely privileged." Houser, 231 So.2d at 8. We also agree with the opinion of the Fifth District Court of Appeal in Danford v. City of Rockledge, 387 So.2d 967 (Fla. 5th DCA 1980), wherein the court held that executive officials had absolute immunity to claims of defamation and tortious interference with a contract arising from statements made in connection with their office. Appellant is likewise entitled to absolute immunity from his state-law claims.
As to the federal civil rights claim, appellant asserted qualified immunity. Qualified immunity affords government officials performing discretionary functions protection from liability under section 1983 where their conduct does not violate what reasonable people would recognize as a clearly established constitutional right. Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). In proving an official has committed such a violation,
a plaintiff cannot rely on "general, conclusory allegations" or "broad legal truisms." Instead, the burden is on the plaintiff to show that, when the defendant acted, the law established the contours of a right so clearly that a reasonable official would have understood his acts were unlawful.
The line between lawful and unlawful conduct is often vague. Harlow's "clearly established" standard demands that a bright line be crossed. The line is not found in abstractions  to act reasonably, to act with probable cause, and so on  but in studying how these abstractions have been applied in concrete circumstances. If case law, in factual terms, has not staked out a bright line, qualified immunity almost always protects the defendant.

Post v. City of Fort Lauderdale, 7 F.3d 1552, 1557 (11th Cir.1993), opinion modified, 14 F.3d 583 *1206 (11th Cir.1994) (citations omitted) (emphasis added).
Appellee has failed to cite case law evincing any "bright line" that appellant crossed. Appellant did not suspend the privileges of appellee; the hospital did. Appellant merely suggested a course of conduct to the hospital that the hospital was free to accept or reject. These actions are not "so obviously wrong, in light of pre-existing law, that only a plainly incompetent officer or one who was knowingly violating the law would have done such a thing." Lassiter v. Alabama A & M Univ., 28 F.3d 1146 (11th Cir.1994). Thus, appellant is entitled to protection under qualified immunity from the civil rights action.
Accordingly, we reverse the trial court's order denying summary judgment and remand with direction for the trial court to enter summary judgment on behalf of appellant.
REVERSED and REMANDED.
PARIENTE and STEVENSON, JJ., concur.