MAY, J.
 

 Immunity from civil liability created by an absolute privilege and its application in a defamation action against the Sheriff of St. Lucie County give rise to this appeal. The plaintiff appeals an order setting aside a jury verdict in her favor and entering a directed verdict for the Sheriff and the consequent final judgment. The plaintiff argues that the trial court erred in setting aside the jury verdict based on absolute immunity. We affirm.
 

 The plaintiff, a former employee of the St. Lucie County Sheriffs Office, filed a complaint against the Sheriff and other employees of the Sheriffs Office. The Fourth Amended Complaint alleged two counts against the Sheriff: defamation and tortious interference with a business relationship.
 
 [1]
 
 The complaint alleged that after the plaintiff resigned from the Sheriffs
 
 *212
 
 Office to attend the police academy, the Sheriff furnished “inaccurate, misleading and false reports” concerning her. Specifically, the plaintiff alleged that the agency submitted a written CJSTC Form 61 to the Florida Department of Law Enforcement that inaccurately reported that the plaintiffs separation from the Sheriffs Office was a “voluntary separation while being investigated for alleged misconduct.” The plaintiff alleged that she had advised the Sheriff about the inaccurate report, but he refused to correct it, resulting in her failure to obtain a position with the Riviera Beach Police Department.
 

 The Sheriff raised the affirmative defenses of immunity and privilege in its Answer. Prior to trial, the Sheriff filed a Motion for Judgment on the Pleadings specifically addressed to the absolute immunity defense. The trial court deferred ruling on the motion, and the case proceeded to trial. At trial, the Sheriff raised absolute immunity in the motions for directed verdict. Once again, the trial court deferred ruling on the immunity issue and allowed the case to go to the jury.
 

 The verdict form, which was agreed on by the parties, asked the following relevant questions:
 

 1. Did the Sheriff of St. Lucie County, Florida issue CJSTC Form 61 concerning Barbara Bates that tended to injure Barbara Bates in her business, reputation or occupation?
 

 2. Was CJSTC Form 61 issued by the Sheriff of St. Lucie County, Florida substantially true?
 

 The jury answered yes to the first question and no to the second question. There was no question directed to the immunity issue.
 
 [2]
 
 The jury retened a verdict for $600,000. The Sheriff filed a Renewed Motion for Directed Verdict and Motion to Set Aside Verdict.
 

 The trial court granted the motion. In doing so, the court indicated that the common law provided the Sheriff with absolute immunity for statements made in the course of his duties. The qualification of absolute immunity under section 943.139(4), Florida Statutes (2008) applied only to the administrator of the employing agency who prepares the CJSTC Form 61; not to the Sheriff. The court then entered a final judgment for the Sheriff, from which the plaintiff now appeals.
 

 On appeal, the plaintiff argues error only in the trial court’s ruling on the motion to set aside the verdict and entry of the directed verdict and final judgment. She argues that the provisions of section 943.139(4) apply to the Sheriff and qualify the common law absolute immunity otherwise afforded him.
 

 Section 943.139(4), Florida Statutes (2008) states:
 

 (4) An administrator of an employing agency who discloses information pursuant to this section is immune from civil liability in accordance with the provisions of s. 768.095.
 

 Section 768.095, Florida Statutes (2008), provides:
 

 An employer who discloses information about a former or current employee to a prospective employer of the former or current employee upon request of the prospective employer or of the former or current employee is immune from civil liability for such disclosure or its consequences unless it is shown by clear and convincing evidence that the information disclosed by the former or
 
 *213
 
 current employer was knowingly false or violated any civil right of the former or current employee protected under chapter 760.
 

 (emphasis added). Therefore, the plaintiff argues the Sheriffs absolute immunity is limited to qualified immunity based upon whether there was a disclosure of knowingly false information. Unfortunately for the plaintiff, the trial court got it right.
 

 “Our standard of review of a trial court’s ruling on a motion for directed verdict is
 
 de novo." Cassell v. India,
 
 964 So.2d 190, 193 (Fla. 4th DCA 2007).
 

 “In Florida, ‘[pJublic officials who make statements within the scope of their duties are absolutely immune from suit for defamation.’ ”
 
 Id.
 
 at 194 (quoting
 
 Stephens v. Geoghegan,
 
 702 So.2d 517, 522 (Fla. 2d DCA 1997));
 
 see also McNayr v. Kelly,
 
 184 So.2d 428 (Fla.1966).
 

 “The public interest requires that statements made by officials of all branches of government in connection with their official duties be absolute^ privileged.” The court recognized that democracy needs “free and open explanations” of governmental actions and the right to this absolute privilege is a function of that necessity. This absolute privilege extends to a sheriff for comments made in the course of the sheriffs duties.
 

 Crowder v. Barbati,
 
 987 So.2d 166, 167 (Fla. 4th DCA 2008) (quoting
 
 Hauser v. Urchisin,
 
 231 So.2d 6, 8 (Fla.1970)).
 

 As this court explained in
 
 Cassell,
 
 the deciding factor in determining whether the privilege giving rise to absolute immunity applies is whether the communication is made within the course and scope of the official’s employment.
 
 Cassell,
 
 964 So.2d at 194. Here, it is undisputed that the filing of the CJSTC Form 61 took place within the course and scope of the Sheriffs Office. The real issue is whether the statute requiring the filing of the form somehow qualified the Sheriffs absolute immunity. We think not.
 

 Section 943.139(4) applies to an administrator of an employing agency who discloses information. Under section 768.095, if that administrator discloses knowingly false information, it loses its immunity from civil liability. By its very terms, section 943.139(4) applies to the administrator who files the form. As the trial court found, the Sheriff did not file the form. Even if subsection (4) applied to the Sheriff, the plaintiff did not request the jury to determine whether the administrator knowingly disclosed false information. The verdict form merely asked the jury whether the information on the form was substantially true. Further, to abrogate or limit immunity, a statute must be clear.
 
 Bryan v. Landis,
 
 106 Fla. 19, 142 So. 650, 651 (1932). Section 943.139(4) fails to clearly abrogate, limit, or qualify the absolute immunity provided the Sheriff under common law. For these reasons, we affirm.
 

 Affirmed.
 

 GROSS, C.J., and CIKLIN, J., concur.
 

 [1]
 

 . The only issue on appeal concerns the defamation claim as the jury found in favor of the Sheriff on the tortious interference claim.
 

 [2]
 

 . Bates apparently requested a jury instruction on qualified immunity, to which the Sheriff objected. The parties then agreed to the Sheriff's proposed instructions and verdict form.