GERBER, J.
 

 The issue in this appeal is whether section 768.095, Florida Statutes (2009), abrogates the absolute immunity which the common law provides to public officials who make statements within the scope of their duties.
 
 See Bates v. St. Lucie Cnty. Sheriff's Office,
 
 31 So.3d 210, 213 (Fla. 4th DCA 2010) (“In Florida, [p]ublic officials who make statements within the scope of their duties are absolutely immune from suit for defamation.”) (citations and internal quotations omitted). We hold that section 768.095 does not abrogate such absolute immunity. Therefore, we affirm the circuit court’s order granting the public officials’ motion to dismiss the plaintiffs amended complaint for defamation and libel or slander per se with prejudice.
 

 Section 768.095 states:
 

 An employer who discloses information about a former or current employee to a prospective employer of the former or current employee upon request of the prospective employer or of the former or current employee is immune from civil liability for such disclosure or its consequences
 
 unless it is shown by clear and convincing evidence that the information disclosed by the former or current employer was knowingly false or violated any civil right of the former or current employee protected under chapter 760.
 

 § 768.095, Fla. Stat. (2009) (emphasis added). Nothing in the emphasized language suggests that the legislature intended to abrogate or limit the absolute immunity which the common law provides to public officials who make statements within the scope of them duties.
 
 See Bates,
 
 31 So.3d at 213 (“[T]o abrogate or limit immunity, a statute must be clear.”). Thus, section 768.095 applies to only employers which are not public officials.
 

 Our decision today is consistent with our recent decision in
 
 Bates.
 
 In
 
 Bates,
 
 a former employee sued a public official for defamation, arguing that the provisions of section 943.149(4), Florida Statutes (2008), qualified the absolute immunity otherwise afforded to a public official. Section 943.149(4) states:
 

 An administrator of an employing agency who discloses information pursuant to this section is immune from civil liability
 
 in accordance with the provisions of s. 768.095.
 

 § 943.139(4), Fla. Stat. (2008) (emphasis added). The public official raised the affirmative defense of absolute immunity and moved for a judgment on the pleadings. The circuit court deferred ruling on the motion, and the case proceeded to trial. At trial, the official raised the absolute immunity defense in motions for directed verdict. The circuit court deferred ruling on those motions as well. After an adverse verdict, the official moved to set aside the verdict. The circuit court granted the motion, indicating that the common law provided the official with absolute immunity for statements made in the course of the official’s duties. We affirmed, reasoning that “[sjection 943.139(4) fails to clearly abrogate, limit, or qualify the abso
 
 *907
 
 lute immunity provided the [official] under common law.”
 
 Bates,
 
 31 So.3d at 213. In this case, we hold that the same reasoning applies to section 768.095 standing alone.
 

 The plaintiff appropriately concedes
 
 Bates’
 
 existence. The plaintiff, however, argues that
 
 Bates
 
 was unclear as to whether it applied only to section 943.139(4) or also to section 768.095, which is incorporated in section 943.139(4). As stated above, we make clear in this opinion that the same reasoning applies to section 768.095 standing alone. The plaintiff also argues that
 
 Bates
 
 is distinguishable because that case involved a motion to set aside a verdict, whereas this case involves a motion to dismiss with prejudice at the pleading stage. We conclude that dismissal with prejudice can occur at the pleading stage where, as here, the plaintiff alleges that the public official made the statements within the scope of the official’s duties. In
 
 Bates,
 
 the circuit court could have granted the public official’s motion for judgment on the pleadings and its ruling would have been correct.
 

 Affirmed.
 

 WARNER and DAMOORGIAN, JJ., concur.