IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

ADAM PRINS,

       Petitioner,

v.

ROBERT FARLEY,

       Respondent.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-3435

Opinion filed January 17, 2017.

Petition for Writ of Certiorari – original jurisdiction.

John J. Joyce of Robinson, Kennon & Kendron, P.A., Lake City, for Petitioner.

Marie A. Mattox, Tallahassee, for Respondent.

B.L. THOMAS, J.

      In this petition for writ of certiorari, the issue presented is whether Petitioner, an elected city council member, suffered irreparable harm that cannot be cured on post-judgment appeal, when the trial court denied a motion to dismiss a suit filed by Respondent against Petitioner, based on the dismissal of Petitioner from his position as city manager. We find that Petitioner would suffer irreparable harm from the trial

court's ruling allowing the suit to proceed. See Crowder v. Barbati, 987 So. 2d 166, 167 (Fla. 4th DCA 2008) (quashing order denying motion to dismiss where absolute privilege barred suit for defamation charge against sheriff). We therefore grant the writ of certiorari and quash the order below, which departed from the essential requirement of law, because the suit is barred by absolute privilege.

Petitioner campaigned for the Live Oak City Council and was elected, after asserting that the upper levels of city management were excessively compensated. Once elected, Petitioner criticized Respondent during a local flooding event. After conversations with other council members, the city council discharged Respondent from his position. Respondent then filed suit, alleging tortious interference by Petitioner in seeking Respondent's dismissal. Respondent alleged that Petitioner started a rumor among the city council that Respondent would be fired, and further asserted that Petitioner acted outside the scope of his official duty by misleading two council members to vote to discharge Respondent.

Petitioner filed a motion to dismiss the suit, arguing that because he acted within the scope of his official public duties, the legal cause of action was barred by absolute privilege. The trial court denied the motion to dismiss, citing issues of fact relating to the issue of absolute privilege, and ruling that Petitioner could raise the defense by a motion for summary judgment.

We note first that Respondent's complaint is, in essence, a retooled defamation

claim. Lock v. City of W. Melbourne, Fla., 2015 WL 1880732, *27 (M.D. Fla. April 24, 2015) (holding city council members absolutely immune from police chief's tortious-interference claim, because the claim was a retooled defamation action). And absolute immunity protects public officials for statements made "in connection with an employee's discharge . . . if the official has responsibility for discharging the employee." Id. at *29 (citing Barr v. Matteo, 360 U.S. 564, 574-75 (1959)); see also Hauser v. Urchisin, 231 So. 2d 6, 7-8 (Fla. 1970) (holding absolute immunity shielded city commissioner from lawsuit for defamatory statements made to press regarding former city prosecutor's dismissal); Goetz v. Noble, 652 So. 2d 1203, 1205 (Fla. 4th DCA 1995) (extending absolute immunity to bar suits against a government official alleging tortious interference with a contract for "statements made in connection with the performance of an official duty"). The Florida Supreme Court has previously reasoned that officials should be absolutely immune from suit in cases such as this, as it is "'better to leave unredressed the wrongs done by dishonest officers than to subject those who try to do their duty to the constant dread of retaliation.'" McNayr v. Kelly, 184 So. 2d 428, 431 n.12 (Fla. 1966) (quoting Gregoire v. Biddle, 177 F.2d 579 (2d Cir. 1949)).

The United States Supreme Court has explained the policy underlying barring suits against elected officials who act within the scope of their authority:

3

'In order to enable and encourage a representative of the public to discharge his public trust with firmness and success, it is indispensably necessary, that he should enjoy the fullest liberty of speech, and that he should be protected from the resentment of every one, however powerful, to whom the exercise of that liberty may occasion offense.' II Works of James Wilson (Andrews ed. 1896) 38.

Tenney v. Brandhove, 341 U.S. 367, 376 (1951). According to the Court, the principle of legislators being "free from arrest or civil process for what they do or say in legislative proceedings" is grounded in the English Parliament's centuries-long struggle for independence from the Crown. Id. at 372.

In order for the doctrine of absolute privilege to apply, however, the action taken must fall within the scope of the official's duties. Albritton v. Gandy, 531 So. 2d 381, 387 (Fla. 1st DCA 1988). Although the scope of an official's duties is liberally construed and extends to "'discretionary duties that are associated with a given position,'" the action must be related to the official's duties. See Lock, 2015 WL 1880732 at *28 (quoting Stephens v. Geoghegan, 702 So. 2d 517, 523 (2d DCA 1997)); see also Tenney, 341 U.S. at 374 (noting the doctrine of absolute immunity should be liberally construed). In Albritton, a county commissioner had an emergency medical technician fired for refusing to endorse him during his campaign. 531 So. 2d at 387. This court held that the commissioner acted outside the scope of his official duties, because only the county administrator possessed the authority to dismiss the technician, not the county commission.

Here, Petitioner's comments, "'[h]owever false or malicious,'" were protected by absolute privilege, because the city council was authorized to dismiss Respondent as city manager, and Petitioner's alleged statements were made in connection with the dismissal of Respondent. Lock, 2015 WL 1880732 at *28 (quoting Hauser, 231 So. 2d at 8). Because "the ultimate check" on public officials is the electoral process, it is the voters who must decide if Petitioner's actions were justified, not a civil jury. Bogan v. Scott-Harris, 523 U.S. 44, 52 (1998) (holding that absolute immunity also protects local officials from suit).

Thus, we GRANT Petitioner's petition for writ of certiorari and QUASH the trial court's order denying Petitioner's motion to dismiss.

RAY and OSTERHAUS, JJ., CONCUR.