DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JASON WEEKS,**
Appellant,

v.

**TOWN OF PALM BEACH,** a municipality of the State of Florida; **PETER B. ELWELL**, Town Manager and in his individual capacity; **KIRK BLOUIN**, Director of Public Safety and in his individual capacity; **DARREL DONATTO**, Deputy Fire Chief and in his individual capacity; **DANIELLE OLSON**, Director of Human Resources and in her individual capacity; **DAN SZARSZEWSKI**, Deputy Police Chief and in his individual capacity; **BRODIE ATWATER**, Assistant Fire Chief and in his individual capacity; **MARGARET COOPER**, in her individual capacity; **JOHN CUOMO**, in his individual capacity; **RICHARD WARD**, in his individual capacity; **MARK BRADSHAW**, in his individual capacity; **DANNY DUNNAM**, in his individual capacity; **JAMES DUANE**, in his individual capacity; **PETER CODISPOTI**, in his individual capacity; and **BRIAN FULLER**, in his individual capacity,
Appellees.

No. 4D17-1061

[July 25, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Jeffrey Dana Gillen, Judge; L.T. Case No. 502015CA103586XXXXMB.

Jonathan O'Boyle of The O'Boyle Law Firm, Deerfield Beach, for appellant.

Robert W. Wilkins of Jones, Foster, Johnston & Stubbs, P.A., West Palm Beach, for appellees.

FAHNESTOCK, FABIENNE E., Associate Judge.

Jason Weeks, the Appellant, filed an amended complaint for fraud, conspiracy to defame, negligent supervision, negligent interference with a

prospective advantageous business relationship,[1] prevention of due process, and injunctive relief against the Town of Palm Beach ("the Town") and several individual defendants,[2] personally and in their official capacities (collectively, "the Appellees"). The complaint was based upon an alleged series of events that caused his demotion within, and eventual termination from, the Town's Fire and Rescue Department. Upon motion, the trial court granted summary judgment in favor of the Appellees. Weeks appealed the judgment, and he raises five issues on appeal, but only two merit discussion.[3] We affirm the trial court's decision as to each issue.

In his complaint, Weeks claimed that while employed by the Town's Fire and Rescue Department, and with full support of his command staff, he created a website that offered public facts and opinions about the Town's proposed changes to the department's pension plan. Thereafter, the Town fired Weeks' superior, Chief William Amador, for his role in the site's creation and his alleged untruthfulness regarding such role. Weeks claimed that after he met with the allegedly displeased Appellees, the Appellees planned a scheme to gather false and defamatory statements and fabricate documents and records with malicious intent towards him. He asserted that the plan brought about several investigations throughout 2011 and 2012, which resulted in his demotion and ultimate termination.

On December 9, 2015, Weeks filed his initial complaint against the Appellees. In it, he alleged that the action was "for defamation, negligent supervision, tortious interference with a prospective advantageous business relationship, and civil conspiracy . . . ." Five months later, he filed his first amended complaint in which he alleged that the action was

---

[1] It is well-established that Florida does not recognize a cause of action for negligent interference with a business relationship. *See Ragsdale v. Mount Sinai Med. Ctr. Of Miami*, 770 So. 2d 167, 169 n.2 (Fla. 3d DCA 2000); *Fla. Power & Light Co. v. Fleitas*, 488 So. 2d 148, 151 (Fla. 3d DCA 1986).

[2] In addition to the Town of Palm Beach, Weeks also sued: Peter B. Elwell, individually and as the Town's manager, Kirk Blouin, individually and as the Directory of Public Safety, Darrel Donatto, individually and as the Deputy Fire Chief, Danielle Olson, individually and as Director of Human Resources, Dan Szarszewski, individually and as the Deputy Police Chief, Brodie Atwater, individually and as the Assistant Fire Chief, and the following individuals: Margaret Cooper, John Cuomo, Richard Ward, Mark Bradshaw, Danny Dunnam, James Duane, Peter Codispoti, and Brian Fuller.

[3] Throughout his brief, Weeks frequently mislabels and wrongly argues that his appeal concerns a dismissal; instead, this case concerns an order granting final summary judgment in favor of the Appellees, and this court reviews this appeal as such.

"for defamation, conspiracy to defame, tortious interference with a prospective business relationship, and intentional infliction of emotional distress . . . ."

After a hearing where the trial court considered the defense of absolute immunity, Weeks filed a second amended complaint. In it, Weeks stated that the action was "for Common Law Fraud, Conspiracy to Defame, Negligent Supervision, Negligent Interference with a Prospective Advantageous Business Relationship, Prevention of Due Process and Intentional Infliction of Emotional Distress . . . ." The complaint's general allegations and facts closely mirrored those of the first amended complaint. Within the second amended complaint, Weeks discussed allegedly false, malicious, critical, disparaging, inaccurate, misleading, wrongful, and fraudulent statements and accusations that were allegedly damaging to his personal and professional reputation.

After Weeks filed his second amended complaint, the Appellees filed joint motions to dismiss and for summary judgment. After a hearing on the motions, the trial court found, among other things, that the Appellees were acting within "the scope of their duties as set forth in codified rules and under direction of their superiors." It concluded that the statements made by the individual defendants were "protected by an absolute privilege." Consequently, the trial court granted the motion for summary judgment, and within the order granting the motion, the court specifically noted that the order rendered the motion to dismiss moot.

*Standard of Review*

This court reviews summary judgment orders *de novo*. *See Weinstein Design Grp., Inc. v. Fielder*, 884 So. 2d 990, 997 (Fla. 4th DCA 2004). "'When reviewing a ruling on summary judgment, an appellate court must examine the record and any supporting affidavits in the light most favorable to the non-moving party.'" *Id.* (quoting *City of Lauderhill v. Rhames*, 864 So. 2d 432, 434 n.1 (Fla. 4th DCA 2003)).

*Defamation*

"The question of whether allegedly defamatory statements are absolutely privileged is one of law to be decided by the court, *Resha v. Tucker*, 670 So. 2d 56, 59 (Fla. 1996), and consequently is ripe for determination on motion for summary judgment." *Stephens v. Geoghegan*, 702 So. 2d 517, 522 (Fla. 2d DCA 1997). Public officials are absolutely immune from claims for defamation where their allegedly defamatory statements are made within the scope of their duties. *See Bates v. St. Lucie Cty. Sheriff's Office*, 31 So. 3d 210, 213 (Fla. 4th DCA 2010). Further:

> "The public interest requires that statements made by officials of all branches of government in connection with their official duties be absolutely privileged." The court recognized that democracy needs "free and open explanations" of governmental actions and the right to this absolute privilege is a function of that necessity. This absolute privilege extends to a sheriff for comments made in the course of the sheriff's duties.
>
> *Crowder v. Barbati*, 987 So. 2d 166, 167 (Fla. 4th DCA 2008) (quoting *Hauser v. Urchisin*, 231 So. 2d 6, 8 (Fla. 1970)).

*Id.*; *see also Blake v. City of Port Saint Lucie*, 73 So. 3d 905, 906 (Fla. 4th DCA 2011) ("Nothing in the emphasized language suggests that the legislature intended to abrogate or limit the absolute immunity which the common law provides to public officials who make statements within the scope of their duties.").

The Florida Supreme Court has stated:

> "It seems to be well settled in this State that words spoken or written by public servants in judicial and legislative activities are protected by absolute privilege from liability for defamation. However false or malicious or badly motivated the accusation may be, no action will lie therefor in this State. Nor is it questioned that such absolute immunity in this State extends to county and municipal officials in legislative or quasi-legislative activities as well as to members of the State Legislature and activities connected with State legislation."

*Hauser*, 231 So. 2d at 8 (quoting *McNayr v. Kelly*, 184 So. 2d 428, 430 (Fla. 1966)); *accord Cassell v. India*, 964 So. 2d 190, 193 (Fla. 4th DCA 2007).

"[T]he controlling factor in deciding whether a public employee is absolutely immune from actions for defamation is whether the communication was within the scope of the officer's duties." *City of Miami v. Wardlow*, 403 So. 2d 414, 416 (Fla. 1981); *accord Forman v. Murphy*, 501 So. 2d 640, 641 (Fla. 4th DCA 1986). "[T]he Florida Supreme Court has decided that the scope of an official's duties extends beyond enumerated, required tasks, and includes discretionary duties that are associated with a given position." *Stephens*, 702 So. 2d at 523.

4

In this case, the trial court correctly found that the Appellees were absolutely immune from defamation claims due to their status as public officials. *See Bates*, 31 So. 3d at 213. Weeks' initial complaint and first amended complaint included claims for defamation. After the trial court considered the defense of absolute immunity, Weeks filed a second amended complaint, and instead of including a claim for defamation, asserted a claim for common law fraud. The terminology used in each of the three complaints regarding statements made in the various investigations indicates that the re-labeling of the defamation claim was simply a poisoned apple.

Based upon the facts presented to the trial court and made part of the appellate record, the statements made by the Appellees were protected by absolute privilege from claims for defamation, no matter how false, malicious, or badly motivated. *See Cassell*, 964 So. 2d at 193; *Hauser*, 231 So. 2d at 8. This is because the alleged statements or accusations were made in the course of sanctioned investigations by the Appellees. As such, the controlling factor of whether the communications were in the scope of the public officer's duties was met for each Appellee. *See Stephens*, 702 So. 2d at 523; *Alfino v. Dep't of Health & Rehab. Servs.*, 676 So. 2d 447, 449 (Fla. 5th DCA 1996); *City of Miami*, 403 So. 2d at 416. We affirm on this ground.

*Statute of Limitations*

The statute of limitations for a defamation suit is two years. *See* § 95.11(4)(g), Fla. Stat. (2012); *Wagner, Nugent, Johnson, Roth, Romano, Erikson & Kupfer, P.A. v. Flanagan*, 629 So. 2d 113, 114 (Fla. 1993). "The period begins to run from the time the cause of action accrues[.]" *Id.* at 115; *accord* § 95.031, Fla. Stat. (2012). "A cause of action for defamation accrues on publication[.]" *Wagner*, 629 So. 2d at 115; *accord* § 770.07, Fla. Stat. (2012). "Although chapter 770 primarily addresses media defendants, we note that the chapter is broadly titled Civil Actions for Libel." *Wagner*, 629 So. 2d at 115. Thus, section 770.07 is "applicable to all civil litigants, both public and private, in defamation actions." *Id.*

On appeal and below, Weeks claims that the Town terminated him based upon a compilation of allegations that were fabricated on December 13, 2012. The record on appeal demonstrates that Weeks knew of the alleged defamatory statements at or near the time of publication. The instant lawsuit, filed three years later on December 9, 2015, was one year beyond the conclusion of the statute of limitations for defamation.[4] *See* §

---

[4] The application of the two-year statute of limitations, as opposed to the four-year statute of limitations as argued by Weeks, is based upon our prior

95.11(4)(g); § 95.031; *Wagner*, 629 So. 2d at 114-15. We therefore affirm the trial court's entry of summary judgment on this basis.

*Conclusion*

Consequently, we affirm the trial court's order granting summary judgment in favor of the Appellees because the Appellees were immune from claims for defamation and Weeks filed the lawsuit beyond the applicable two-year statute of limitations. *See* § 95.11(4)(g); *Bates*, 31 So. 3d at 213.

*Affirmed.*

DAMOORGIAN and KUNTZ, JJ., concur.

\*　　　\*　　　\*

**Not final until disposition of timely filed motion for rehearing.**

---

determination that the second amended complaint is nothing more than a reassertion of the defamation claims in the guise of fraud claims.