## DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
### FOURTH DISTRICT

**DOUGLAS HARRISON** and **LAURA RAYBIN MILLER,**
Appellants/Petitioners,

v.

**SOUTH BROWARD HOSPITAL DISTRICT** d/b/a **MEMORIAL HEALTHCARE SYSTEM** and **KIMARIE STRATOS,**
Appellees/Respondents.

Nos. 4D2023-0441 and 4D2023-0444

[November 8, 2023]

Consolidated appeal of a nonfinal order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Carlos A. Rodriguez, Judge; L.T. Case No. 19-005895 CACE (14); and Petition for writ of certiorari to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Carlos A. Rodriguez, Judge; L.T. Case No. 19-005895 CACE (14).

Michael R. Piper and Christopher J. Stearns of Johnson, Anselmo, Murdock, Burke, Piper & Hochman, PA, Fort Lauderdale, for appellants/petitioners.

Chris Kleppin and Chelsea Lewis of KLK Law Firm, Plantation, for appellee/respondent Kimarie Stratos.

PER CURIAM.

Defendants Douglas Harrison and Laura Raybin Miller, members of the Board of Commissioners of the South Broward Hospital District d/b/a Memorial Healthcare System ("the District") seek review of an omnibus order denying their motions for summary judgment.

In case number 4D2023-0441, Defendants appeal a nonfinal order denying their motion for summary judgment claiming immunity under section 768.28(9)(a), Florida Statutes (2018). In case number 4D2023-0444, Defendants seek certiorari review of the denial of their motion for

summary judgment claiming common law absolute immunity for their acts as public servants.[1]

We have consolidated these cases for resolution by the same panel and for opinion purposes.

We agree with Defendants that they are entitled to immunity as a matter of law as to Plaintiff's tort claims against Defendants for defamation, tortious interference with an advantageous business relationship, outrage, and gross negligent infliction of emotional distress.

Accordingly, we reverse the order, grant the petition, and remand for the trial court to grant summary judgment in Defendants' favor on these claims.

### *Background*

In the underlying case, Plaintiff, Kimarie Stratos, has sued the District for alleged violations of Florida's Whistleblower's Act. § 112.3187, Fla. Stat. (2018).

Stratos formerly served as the District's Executive Vice President, General Counsel, and Chief Privacy Officer. Defendants Harrison and Miller are commissioners on the District's Board of Commissioners. Stratos alleges that, in September 2018, when Harrison was serving as chairman, the Board conducted two unauthorized public meetings to review Stratos' performance and voted (4 to 2) to terminate Stratos. The complaint alleges this action was taken in retaliation for Stratos reporting that Defendants had committed Sunshine Law violations and other improper conduct.[2]

In addition to her Whistleblower's Act claim against the District, Stratos brought claims against Defendants individually for defamation, tortious

---

[1] In case numbers 4D2020-2644 and 4D2020-2655, Defendants previously sought review of the denial of their motions to dismiss raising these issues. Review was limited in those proceedings to the four corners of the complaint, and this Court denied relief without prejudice for Defendants to raise their claims in subsequent proceedings. *Harrison v. Stratos*, 326 So. 3d 702, 703 (Fla. 4th DCA 2021).

[2] In case number 4D2023-0443, which is consolidated with the instant case for panel purposes but proceeding separately, the District has sought certiorari review from the portion of the order denying its motion for summary judgment on Stratos' Whistleblower Act claim.

interference with an advantageous business relationship, outrage, and gross negligent infliction of emotional distress.[3] Stratos' claims are based on Defendants' words and actions at the meetings, and their decision to vote for Stratos' termination.

The trial court agreed with Stratos that a genuine disputed issue of fact exists as to whether the Board had authority to terminate Stratos. Stratos contends that, pursuant to the District's Bylaws, she was supervised solely by the Chief Executive Officer (CEO), and the Board had no authority to review her performance or to terminate her. The trial court agreed with Stratos that the Board had authority to review and terminate the CEO and no other employee. Stratos maintains that she worked for the District, not the Board.

Defendants timely brought these proceedings seeking review.

### Jurisdiction and Legal Standards

We have nonfinal appeal jurisdiction over the order denying the claim of immunity under section 768.28(9). Fla. R. App. P. 9.130(a)(3)(F)(ii). We have certiorari jurisdiction to consider Defendants' claim of common law absolute immunity. *See Gay v. Jupiter Island Compound, LLC,* 358 So. 3d 780, 786 (Fla. 4th DCA 2023). For certiorari relief, Defendants must show that the trial court departed from the essential requirements of law resulting in material injury that cannot be corrected on postjudgment appeal. *Id.*

We review the purely legal issues in these proceedings de novo. *City of Fort Lauderdale v. Israel,* 178 So. 3d 444, 446 (Fla. 4th DCA 2015); *Stephens v. Geoghegan,* 702 So. 2d 517, 522 (Fla. 2d DCA 1997).

### Immunity Under Section 768.28(9)(a), Florida Statutes

Defendants contend that they are entitled to summary judgment on Stratos' tort claims because they are immune from suit for actions they took in the scope of their function as Board members under section 768.28(9)(a), Florida Statutes (2018), which provides:

> An officer, employee, or agent of the state or of any of its subdivisions may not be held personally liable in tort or named as a party defendant in any action for any injury or

---

[3] Stratos has also brought a civil assault claim against Defendant Harrison only. The assault claim is not at issue in these proceedings.

damage suffered as a result of any act, event, or omission of action in the scope of her or his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

§ 768.28(9)(a), Fla. Stat. (2018). This immunity extends to members of appointed boards of special districts for acts or omissions "relating to members' conduct of their official duties." § 768.1355(3), Fla. Stat. (2018).

The trial court agreed with Stratos that Defendants acted outside the scope of their employment and "in a manner exhibiting wanton and willful disregard of human rights, safety, or property" because the Board allegedly had no authority to review Stratos' performance or to discharge her.

### *Common Law Absolute Immunity*

"Under Florida common law, absolute immunity for words spoken or written by public servants—however false, malicious, or badly motivated the words may be—extends to public servants in judicial and legislative activities, and to county and municipal officials in legislative or quasi-legislative activities." *Gay*, 358 So. 3d at 786–87 (citing *Hauser v. Urchisin*, 231 So. 2d 6, 8 (Fla. 1970)).

The Florida Supreme Court has explained that "the privilege, or immunity, is absolute and the protection that it affords is complete. It is not conditioned upon the honest and reasonable belief that the defamatory matter is true or upon the absence of ill will on the part of the actor." *Fridovich v. Fridovich*, 598 So. 2d 65, 68 (Fla. 1992) (quoting *Restatement (Second) of Torts* § 584, at 243).

The privilege applies to other torts beyond defamation, such as tortious interference and infliction of emotional distress. *City of Stuart v. Monds*, 10 So. 3d 1134 (Fla. 4th DCA 2009) ("We reject respondents' argument that the doctrine of absolute immunity is inapplicable because of the absence of a defamation claim."); *Cassell v. India*, 964 So. 2d 190, 196 (Fla. 4th DCA 2007) ("We further hold that absolute immunity bars [the plaintiff's] claim of intentional infliction of emotional distress. This claim is simply a recast of the defamation claim; it too is barred by the privilege."). The privilege likewise applies to Stratos' tort claim for "outrage."

The immunity extends to all "words or acts within the scope of the authority of the public servant." *Crowder v. Barbati*, 987 So. 2d 166, 168 (Fla. 4th DCA 2008).

> The controlling factor in deciding whether the absolute privilege applies is whether the communication was within the scope of the [public official's] duties. The scope of [a public official's] duties is to be liberally construed. The term "duties" is not confined to those things required of the [public official], but rather extends to all matters which [the public official] is authorized to perform. Because the balancing of interests favors the public official, it is considered better to leave unredressed the wrongs done by dishonest [public officials] than to subject those who try to do their duty to the constant dread of retaliation.

*Cassell*, 964 So. 2d at 194. The alleged conduct need only be "related to the official's duties." *Prins v. Farley*, 208 So. 3d 1215, 1217 (Fla. 1st DCA 2017) (granting certiorari under similar circumstances, where a terminated city manager alleged that a city councilman tortiously interfered with the manager's employment relationship with the city "by misleading two council members to vote to discharge" the manager); *see also Stewart v. Sun Sentinel Co.*, 695 So. 2d 360, 362 (Fla. 4th DCA 1997) ("Since the statements made concerning the plaintiff's discharge were related to and made within the scope of the defendants' official duties, we hold that these defendants are entitled to an absolute privilege and are, therefore, immune from liability for the alleged defamation.").

"[A]lthough statements made by government officials are protected by absolute immunity in certain situations, in order for immunity to attach, the statements must be made within the scope of the official's duties and powers." *Albritton v. Gandy*, 531 So. 2d 381, 387 (Fla. 1st DCA 1988).

### *Analysis*

The key issue in both of these cases is whether the Board had authority to hold the meetings and to vote for Stratos' discharge.

We agree with Defendants that the trial court departed from the essential requirements of law and reversibly erred in denying their claims of immunity. Contrary to the trial court's conclusion, the Board had authority to review Stratos' performance and to terminate her. Defendants cannot be sued based on words spoken and actions taken as Board members.

5

The District is a special tax district, and its Charter is set out by the Legislature at Chapter 2004-387, Laws of Florida. The Charter's Section 3 provides that the District's governing body is the seven-member Board of Commissioners appointed by the Governor.

The Charter's Section 4 gives the Board broad authority and provides (in relevant part):

> (1) The Board of Commissioners of the South Broward Hospital District shall have all of the following governmental, corporate, and proprietary powers:
>
> ...
>
> (d) Without limiting the generality of the foregoing, to exercise *all of the powers of a corporation organized pursuant to Chapter 607, Florida Statutes.*
>
> ...
>
> (i) To appoint and employ a superintendent or administrator *and such other agents and employees as the board deems advisable.*
>
> ...
>
> (2) The provisions of this act shall be so construed as to secure and extend to the board of commissioners *all powers, whether governmental, corporate, or proprietary, not expressly prohibited by the State Constitution* and to remove any limitations judicially imposed or otherwise....

*Id.*

The District's Bylaws recognize the Board's authority under the Charter and that the Bylaws cannot supersede that authority. The Bylaws provide (in relevant part):

> Article I, Governing Board. . . . Section 3. General Powers: The general and specific powers of the Board shall be those authorized under the provisions of the Charter. *No portion of these Bylaws may be construed as superseding or exceeding such authorized powers.*

(emphasis added).

The Bylaws also recognize the Board's authority to employ personnel:

> The Board of Commissioners is responsible for attaining the objectives specified in the Charter. These objectives include, without limitation, selecting and appointing a competent and experienced President and Chief Executive Officer, and Medical Staff Members; *employing personnel*; formulating or approving such Bylaws as may be desirable for the proper operation of the Hospital District's facilities; securing and controlling the use of all materials and supplies and maintaining and repairing of the property.

(emphasis added).

The Bylaws require the Board to select and appoint a President and CEO and provide (in relevant part):

> Article V President and Chief Executive Officer . . .
>
> The President and Chief Executive Officer shall be given the necessary authority and responsibility to operate the facilities of the Hospital District in all its activities and departments, subject only to such policies as may be adopted and such orders as may be issued by the Board or by any of its committees to which it has delegated power for such action. The President and Chief Executive Officer shall act as the authorized representative of the Board in all matters in which the Board has not formally designated some other person to act...

The Bylaws set out the President and CEO's authority and duties as follows:

> Section 3. To select, employ, control and discharge all employees authorized by the Budget. *No Board member may issue orders to or direct any employee except through the President and Chief Executive Officer.*

(emphasis added).

7

Stratos contends that, under the Bylaws, she reported only to the CEO and only the CEO could fire her. Stratos pointed to evidence that in 2016 and 2017, Defendants tried to get the Board to change the Bylaws to give the Board authority to review and terminate the general counsel. Former Board members, the CEO, and other employees testified in deposition that they did not believe the Bylaws gave the Board authority over Stratos' position as general counsel.

These witnesses' opinions, however, are not controlling. The proper interpretation of the Charter and Bylaws is a question of law reviewed de novo. We conclude that the Charter and Bylaws on their face plainly give the Board (acting as a unit) broad authority, including the authority to employ personnel. The Charter's Section 4 gives the Board authority to "appoint and employ . . . other agents and employees as the board deems advisable." The Bylaws expressly state that its provisions cannot supersede the authority granted to the Board by the Charter, and also recognize the Board's authority to employ personnel.

While the Bylaws prohibit any <u>individual</u> Board member from directing an employee, this does not impact the Board's authority to act as a unit. The Board had authority to hold meetings to review Stratos' performance and to vote for her discharge. The Charter's Section 4 is clear that the Board is given "*all powers, whether governmental, corporate, or proprietary,* not expressly prohibited by the State Constitution." (emphasis added). This broad grant of authority includes the Board's actions in this case.

Stratos claims that, after the Board's vote at its September 2018 public meeting, the CEO did not immediately discharge her and allowed her to remain on medical leave until late December 2018 because he allegedly did not believe the Board had authority to fire her.

Even if Stratos was correct that only the CEO could terminate her employment, this did not preclude the Board from voting and directing the CEO to discharge Stratos. The Bylaws clearly recognize the Board's authority to direct employees through the CEO. S. Broward Hospital Dist. Bylaws, art. V, § 3 ("No Board member may issue orders to or direct any employee *except through the President and Chief Executive Officer.*") (emphasis added); S. Broward Hospital Dist. Bylaws, art. V ("The President and Chief Executive Officer shall be given the necessary authority and responsibility to operate the facilities of the Hospital District in all its activities and departments, *subject only to such policies as may be adopted and such orders as may be issued by the Board* or by any of its committees to which it has delegated power for such action.") (emphasis supplied).

The trial court also erred in concluding that Defendants acted willfully and wantonly under section 768.28(9)(a). The court premised this ruling on its mistaken belief that the Board did not have authority to terminate Stratos.

Stratos contends that Defendants are not immune under section 768.28(9)(a) because she presented sufficient evidence to show they acted in bad faith and with malicious purpose.

Even if this is correct, the common law privilege absolutely immunizes Defendants for the tort claims at issue. The privilege applies even if Defendants were acting in bad faith and maliciously. *Gay*, 358 So. 3d at 786–87. Defendants cannot be sued based on how they acted and voted as Board members – regardless of their intentions. Thus, Stratos' tort claims against Defendants cannot succeed as a matter of law, and summary judgment should have been granted in Defendants' favor.

Accordingly, we reverse the order, grant the petition, and remand with instructions to grant summary judgment on the tort claims at issue.

*Reversed and remanded; petition granted.*

CIKLIN, CONNER and ARTAU, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

9