# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2023-3173
LT Case No. 2023-CA-012958

_____

NORTH BREVARD COUNTY
HOSPITAL DISTRICT d/b/a Parrish
Medical Center,

     Petitioner,

     v.

CRAIG K. DELIGDISH,

     Respondent.

_____

Petition for Certiorari Review of Order from the Circuit Court for Brevard County.
Curt Jacobus, Judge.

Joseph I. Zumpano and Leon N. Patricios, of Zumpano Patricios, P.A., Coral Gables, for Petitioner.

Adam M. Bird, of WhiteBird, PLLC, Melbourne, for Respondent.


December 20, 2024


PER CURIAM.

     Respondent ("Doctor") raised defamation claims against Petitioner ("Hospital"), a government entity. The trial court denied Hospital's motion to dismiss. Hospital seeks certiorari relief,

asking that we quash the trial court's order and remand with instructions to dismiss Doctor's complaint with prejudice. We grant Hospital's petition in part.

## I.

Doctor is the president of a healthcare company. He was also a volunteer faculty member at the University of Central Florida's College of Medicine ("UCF"). Doctor's company and Hospital had a business relationship that soured, precipitating multiple lawsuits.

Hospital's chief executive officer ("CEO") and outside legal counsel ("Counsel") each sent letters to UCF. They reported that Doctor was using his "Associate Professor of Medicine" title in correspondence that appeared unrelated to his role at UCF. In these writings, such as those to elected officials, Doctor raised concerns about Hospital. He referenced accusations previously made by his company that Hospital broke certain laws. CEO and Counsel suspected that Doctor was using his UCF title to bolster his claims about Hospital. CEO and Counsel believed that UCF would not want its name attached to Doctor's writings because readers might think that UCF endorsed his allegations.

Ultimately, UCF notified Hospital that it "instructed" Doctor "to immediately discontinue all unauthorized uses of his UCF volunteer/affiliated faculty title," including "on emails he sends to advance his personal practice or business" or which are otherwise "outside of his specifically authorized UCF activities." UCF thanked Hospital for bringing the matter to its attention and requested immediate notice if Hospital again discovered Doctor using UCF's name in unauthorized ways. After Hospital later reported that Doctor used his UCF title in an email about Hospital that he sent to the U.S. Department of Justice, UCF terminated Doctor's volunteer faculty appointment.

Doctor sued Hospital, alleging that Hospital's "defamatory campaign" caused him to lose his faculty appointment.[*] Hospital

---

[*] Doctor attached CEO and Counsel's letters as exhibits to his complaint, making them "a part thereof for all purposes." *See* Fla. R. Civ. P. 1.130(b); *see also Fladell v. Palm Beach Cnty. Canvassing*

2

moved to dismiss Doctor's complaint with prejudice on several grounds, including absolute immunity. The trial court denied Hospital's motion. In the instant petition, Hospital challenges the court's order *only* with respect to absolute immunity. Hospital raises none of the other grounds from its motion to dismiss.

II.

A.

Certiorari "allows an appellate court 'to reach down and halt a miscarriage of justice where no other remedy exists.'" *Scott v. Scott*, 375 So. 3d 331, 333 (Fla. 5th DCA 2023) (quoting *Univ. of Fla. Bd. of Trs. v. Carmody*, 372 So. 3d 246, 252 (Fla. 2023)). It is warranted only when the lower court "depart[s] from the essential requirements of the law and cause[s] harm that cannot be corrected on post-judgment appeal." *Id.* (quoting *Jordan v. State*, 350 So. 3d 103, 105 (Fla. 1st DCA 2022)). "'In other words, before certiorari can be used to review non-final orders, the appellate court must focus on the threshold jurisdictional question,' which is whether the order causes irreparable harm." *Id.* (quoting *Citizens Prop. Ins. Corp. v. San Perdido Ass'n*, 104 So. 3d 344, 351 (Fla. 2012)).

"When the trial court denies a motion to dismiss on immunity grounds, certiorari review . . . is proper because absolute immunity protects a party from having to defend a lawsuit at all and waiting until final appeal would render such immunity meaningless if the lower court denied dismissal in error." *James v. Leigh*, 145 So. 3d 1006, 1008 (Fla. 1st DCA 2014); *see also Bank of N.Y. Mellon v. Abadia*, 314 So. 3d 595, 596 (Fla. 3d DCA 2020) (granting certiorari relief and holding that a trial court's errant denial of a motion to dismiss, which had asserted litigation privilege, "constitutes irreparable harm as a matter of law"). Therefore, if Hospital indeed has the absolute immunity that it claims, the trial

---

*Bd.*, 772 So. 2d 1240, 1242 (Fla. 2000) ("If an exhibit facially negates the cause of action asserted, the document attached as an exhibit controls and must be considered in determining a motion to dismiss.").

3

court's rejection of that immunity qualifies as irreparable harm, which activates our certiorari jurisdiction.

## B.

We next consider whether the trial court's ruling was a departure from the law's essential requirements. This occurs "*only* when there has been a violation of a clearly established principle of law resulting in a miscarriage of justice." *Allstate Ins. Co. v. Kaklamanos*, 843 So. 2d 885, 889 (Fla. 2003). "A classic example" is when a trial court does not follow binding precedent. *State Farm Fla. Ins. Co. v. Sanders*, 327 So. 3d 342, 344 (Fla. 3d DCA 2020).

Binding precedent shows that absolute immunity is a common law doctrine that the Legislature has not abrogated. *See Quintero v. Diaz*, 300 So. 3d 288, 290–91 (Fla. 3d DCA 2020). It holds that "[p]ublic officials who make statements within the scope of their duties are absolutely immune from suit for defamation." *del Pino Allen v. Santelises*, 271 So. 3d 1112, 1114 (Fla. 3d DCA 2019) (quoting *Stephens v. Geoghegan*, 702 So. 2d 517, 522 (Fla. 2d DCA 1997)). It "protects the statements of *all* public officials, regardless of the branch of government or the level of the official." *Cameron v. Jastremski*, 246 So. 3d 385, 388 (Fla. 4th DCA 2018) (quoting *Cassell v. India*, 964 So. 2d 190, 194 (Fla. 4th DCA 2007)). And it even applies to statements that are false or malicious, so long as they occurred within the scope of a public employee's duties. *See Quintero*, 300 So. 3d at 290–91; *Cassell*, 964 So. 2d at 195; *Albritton v. Gandy*, 531 So. 2d 381, 387 (Fla. 1st DCA 1988).

## C.

In his complaint, Doctor acknowledged that Hospital is a government entity, and that CEO is a Hospital employee. Doctor also alleged that Hospital communicated through CEO. In doing so, Doctor implicitly conceded that CEO acted within the scope of his duties when he authored his allegedly defamatory letter.

Indeed, any contrary view is untenable. "The scope of an officer's duties is to be liberally construed." *Cassell*, 964 So. 2d at 194. It encompasses not only "those things required of the officer," but also "all matters which he is authorized to perform." *Id.*; *see*

4

*also Stephens*, 702 So. 2d at 523 (observing that it "includes discretionary duties that are associated with a given position"). Here, CEO aimed to verify whether Doctor's statements about Hospital truly carried UCF's imprimatur and, assuming they did not, encourage UCF to take corrective action. These efforts to protect Hospital's reputation fall comfortably within the "liberally construed" scope of CEO's duties as Hospital's senior executive.

The law is also clear that when a government employee makes statements within the scope of his duties—as CEO did here—absolute immunity extends to the agency that he serves. *See Palm Beach Cnty. Health Care Dist. v. Prof'l Med. Educ., Inc.*, 13 So. 3d 1090, 1095 (Fla. 4th DCA 2009) ("Davis was acting within the orbit of his duties and responsibilities when he wrote the February 23, 2000 letter. Because the liability of the [public hospital] District on the defamation count is predicated on its status as Davis's employer, the absolute immunity of Davis 'necessarily requires the exoneration' of the District." (quoting *Saxon v. Knowles*, 185 So. 2d 194, 196 (Fla. 4th DCA 1966))); *Medina v. City of Hialeah*, No. 02–20957–CIV, 2003 WL 1562281, *2 (S.D. Fla. Mar. 24, 2003) ("[Plaintiff] claims, however, that his claims are being brought against the City and not against the representatives of the City. This distinction is artificial. If a city official has absolute immunity against claims for defamation, then the city cannot be liable for defamation where the liability against the City is premised on *respondeat superior*."). For these reasons, Hospital has absolute immunity with respect to CEO's statements.

### D.

It is a different story for Counsel's statements. Unlike CEO, Counsel—an attorney in private practice—is *not* a government employee. This places him beyond the established limits of the absolute immunity doctrine.

According to our Supreme Court, "[t]he public interest requires that statements made by **officials** of all branches of **government** in connection with their **official duties** be absolutely privileged." *Hauser v. Urchisin*, 231 So. 2d 6, 8 (Fla. 1970) (emphasis added). "Florida law affords this protection to low-level, as well [as] high-placed, **public officials**." *Stephens*, 702 So.

5

2d at 522 (emphasis added); *see, e.g.*, *City of Miami v. Rivera*, 348 So. 3d 10 (Fla. 3d DCA 2022) (fire chief); *Quintero*, 300 So. 3d 288 (mayor); *del Pino Allen*, 271 So. 3d 1112 (public college professor); *Weeks v. Town of Palm Beach*, 252 So. 3d 258 (Fla. 4th DCA 2018) (several municipal employees, including the town manager, director of public safety, and director of human resources); *Prins v. Farley*, 208 So. 3d 1215 (Fla. 1st DCA 2017) (member of a city council); *Palm Beach Cnty. Health Care Dist.*, 13 So. 3d 1090 (public hospital district's trauma agency director); *Cassell*, 964 So. 2d 190 (police lieutenant); *Alfino v. Dep't of HRS*, 676 So. 2d 447 (Fla. 5th DCA 1996) (deputy district administrator and operational program administrator at a state agency).

However, Hospital does not identify any authority which suggests that a private lawyer morphs into a public officer for purposes of absolute immunity simply by representing a government agency. By not doing so, Hospital fails to carry its burden of showing that the trial court—by rejecting Hospital's claim of absolute immunity as to Counsel—violated "a clearly established principle of law resulting in a miscarriage of justice." *See Kaklamanos*, 843 So. 2d at 889; *Scotty's, Inc. v. Olivieri*, 713 So. 2d 1020, 1021 (Fla. 5th DCA 1998) (reiterating that "[t]he burden of showing the appellate court that the trial court's order departed from the essential requirements of law is on the petitioner").

## III.

The law is clear that Hospital has absolute immunity from Doctor's claims that are based on statements made by CEO, a public official acting within the scope of his duties. The trial court's erroneous rejection of Hospital's immunity in this regard is a departure from the law's essential requirements that irreparably harms Hospital. On the other hand, the law is far from clear that Hospital has absolute immunity from Doctor's claims that are based on statements made by Counsel, an attorney in private practice. The trial court's denial of Hospital's immunity in that regard is not a departure from the law's essential requirements.

Accordingly, we grant Hospital's petition as to Doctor's claims that are based on CEO's statements. As to those statements only,

6

we quash the trial court's order and remand with instructions to grant Hospital's motion to dismiss. As to Doctor's claims that are based on Counsel's statements, we deny Hospital's petition. *See Okaloosa County v. Custer*, 697 So. 2d 1297, 1299 (Fla. 1st DCA 1997) (granting a certiorari petition—which challenged the trial court's denial of a motion to dismiss—as to the portion of the plaintiff's complaint that was barred by the statute of limitations, but denying relief as to the portion that was not); *see also Dominguez v. Omana*, 381 So. 3d 1271, 1273–74 (Fla. 6th DCA 2024) (granting certiorari relief from the trial court's discovery order because the order, in effect, required the petitioner to produce irrelevant medical records alongside relevant ones).

PETITION GRANTED in part, ORDER QUASHED in part, and REMANDED with instructions.

JAY, EISNAUGLE, and KILBANE, JJ., concur.

————————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

————————————————